634 P.2d 964

Dylan JAMES, a minor, by and through his next best friend and natural father, Larry James, Plaintiff-Appellant,

v.

Charles Del COX, John Doe, John Roe, Defendants-Appellees.

No. 1 CA–CIV 4947.

Court of Appeals of Arizona, Division 1, Department A.

June 9, 1981.

Rehearing Denied Sept. 4, 1981.

Review Denied Oct. 6, 1981.

result of being bitten by the dog. The jury returned a verdict for the dog owner and we affirm.

Appellant and his family visited the country home of appellee Charles Cox on January 17, 1976. At the time, appellant was three years old. Several of the adults present went into the house, leaving appellant outside in the yard. The adults heard appellant scream and when they reached him, they found that he apparently had been bitten on the face by a dog belonging to Mr. Cox. Appellant was seriously injured and this suit was brought against appellees seeking payment for past and future medical expenses and general damages. The jury returned a verdict for appellees.

Appellant presents four issues for review:
1. Did the trial court err in not permitting him to proceed under the common law theory of strict liability?
2. Did the trial court err in granting appellees' motion for directed verdict on appellant's theory of common law strict liability?
3. Did the trial court err in not granting appellant's motion for judgment notwithstanding the verdict on the statutory liability theory?
4. Did the trial court err in not instructing the jury as to appellees' liability under A.R.S. § 24–378?

Friedlander & Friedlander, P. C. by Susan O. Friedlander, Harry P. Friedlander, Scottsdale, for plaintiff-appellants.

Udall, Shumway, Blackhurst, Allen, Bentley & Lyons, P. C. by Clark R. Richter, John H. Lyons, Mesa, for defendants-appellees.

## OPINION

CONTRERAS, Presiding Judge.

This appeal concerns the liability of a dog owner for injuries received by a child as a

## COMMON LAW LIABILITY

Appellant first contends that the trial court erred in not permitting him to proceed under the common law theory of liability.[1] The trial court ruled that appellant could proceed only under statutory liability as provided by A.R.S. § 24–521. This section provides:

§ 24–521. Liability for dog bites

1. Throughout this appeal, appellant refers to the theory of "common law strict liability". Although the common law regarding liability for injury by animals is referred to as strict liability, see Jones v. Manhart, 120 Ariz. 338, 585 P.2d 1250 (App.1978), liability is imposed only if the owner knew or had reason to know the dangerous propensities of the animal, Jones, supra; Restatement (Second) of Torts § 509 (1965). This is in contrast to the Arizona statute which imposes liability regardless of the former viciousness of the dog or the owner's knowledge of its viciousness. We will therefore refer to the common law theory as one of negligence.

The owner of a dog which bites a person when the person is in or on a public place or lawfully in or on a private place, including the property of the owner of the dog, is liable for damages suffered by the person bitten, regardless of the former viciousness of the dog or the owner's knowledge of its viciousness.

We need not decide whether the trial court was correct in this ruling because after a half-day of trial, the trial judge reversed his earlier position and allowed appellant to proceed under both theories. Appellant, nonetheless, claims he was prejudiced because (1) he was denied the opportunity to present the negligence theory in opening statement and (2) it was necessary to recall witnesses, thereby confusing the presentation of his case.

Prejudicial error will not be presumed, but must be found in the record. *State v. Whitman,* 91 Ariz. 120, 370 P.2d 273 (1962); *Dykeman v. Ashton,* 8 Ariz.App. 327, 446 P.2d 26 (1968). Nothing in this record evidences prejudice to appellant. He was able to introduce all the desired testimony on the issue of negligence and to do so in an orderly manner. At the time of the court's decision to allow appellant to present both theories, only three witnesses had testified and only one was recalled. We therefore find no error in the trial court's ruling.

■ Appellant next contends that the trial court erred in granting appellees' motion for directed verdict as to appellant's theory of common law liability. The trial court may grant a directed verdict only where no evidence has been introduced which would justify a reasonable man in returning a verdict in favor of the other party. The truth of whatever evidence introduced, together with all reasonable inferences, is taken as admitted. *Cano v. Neill,* 12 Ariz. App. 562, 473 P.2d 487 (1970). The common law theory of liability for injury by animals is stated as follows:

A possessor of a domestic animal that he knows or has reason to know has dangerous propensities abnormal to its class, is subject to liability for harm done by the animal to another, although he has exer-cised the utmost care to prevent it from doing the harm.

*Jones v. Manhart,* 120 Ariz. 338, 340, 585 P.2d 1250, 1252 (App.1978); Restatement (Second) of Torts § 509 (1965). Ownership and injury were admitted; therefore, under appellant's theory it was his burden to show that the dog had "dangerous propensities abnormal to its class" and that appellee knew or had reason to know of the dangerousness. The evidence regarding these elements was that the dog had previously been kicked in the head by a horse and had a sensitive head. The dog's owner testified that occasionally the dog's head would swell near his eye. If the dog was hit, he might react, but he had never bitten anyone. There was no evidence relating to the "dangerous propensities" of the dog that were abnormal to its class; a sensitive head does not amount to dangerous propensities. The trial court's directed verdict on this issue was therefore correct.

## STATUTORY LIABILITY

■ Appellant contends that the trial court erred in failing to grant his motion for a judgment notwithstanding the verdict or, in the alternative, his motion for a new trial as to his theory of statutory liability. He contends that these rulings were improper because of four alleged errors during the trial. The first of these was that it was error to admit evidence as to the dog's gentle character. The dangerous propensities of the animal being an issue under common law liability, evidence regarding the character of the dog was properly admitted while that issue was before the jury. At the close of appellant's case, the court directed a verdict for the appellees on the common law theory leaving only a statutory cause of action under which appellant could proceed. As appellant correctly points out, character of the dog is inadmissible under this theory of recovery. *See Litzkuhn v. Clark,* 85 Ariz. 355, 339 P.2d 389 (1959). Appellant points to instances after the directed verdict was granted where improper

testimony or comment on this subject was introduced.[2] The first is as follows:

Q. [Appellees' counsel]: Prior to the time that Dylan was injured in January of 1976, were there any other incidents in which the dog seemed to be aggravated or provoked to any action against a child?

A. No.

[Appellant's counsel]: Excuse me. I'm going to again object, Your Honor.

The objection was sustained. Appellant next points to the following exchange:

Q. Did you ever see him at any time snap or bark or jump at someone when that area was touched?

[Appellant's counsel]: Excuse me. Again, same objection, Your Honor.

THE COURT: Overruled.

THE WITNESS: No, sir, never.

We believe that this testimony is relevant to the defense of provocation as outlined in A.R.S. § 24–523:

Proof of provocation of the attack by the person injured shall be a defense to the action for damages.

The nature of the dog is relevant to the issue of the likelihood that the dog was provoked and therefore the admission of this testimony was not in error. *See Nicholes v. Lorenz*, 396 Mich. 53, 237 N.W.2d 468 (1976) (separate opinion).

Appellant also complains regarding the following:

Q. Did you ever have occasion to rub him on the head, give him a pat, or anything like that?

A. Well, at times, after he would have the swelling and it would start going out, I imagine, like a sore, it would itch, and he would come up and, you know, if you were sitting down, he would come up and itch it on your leg, I imagine, as comfort, and itch feeling as it was healing or something.

Q. On those occasions, did he snap or appear to be provoked at all?

A. No.

Appellants failed to object to this questioning and therefore may not raise it on appeal. *Collins v. Dilcher*, 104 Ariz. 221, 450 P.2d 679 (1969). In addition, this testimony regarding the dog's reaction to being petted on the head relates to the likelihood of the dog being provoked and therefore was relevant and admissible. Appellant finally points to closing argument where appellees' counsel said:

We feel that there has been ample evidence of provocation, for these reasons, and I don't claim at this point that anyone actually went out and observed what happened, apparently that didn't occur. But as you put the facts together, it occurs to us that the dog simply would not have done what he did had there not been some provocation, I'm sure unintentional, absolutely positive unintentional, on the part of Dylan.

Appellant contends this was improper comment because it referred to the docile nature of the dog. This comment referred to testimony we have found to be admissible and the comment therefore was not error.

■ The appellant's next contention is that the trial court erred in admitting irrelevant and inadmissible hearsay. He points to the two following pieces of testimony:

Q. Now, did you hear anyone then comment as to what had occurred?

A. Yes. This is when Marles—I asked what had happened. She said, I guess he had him in the corner and was hitting him on the head, or hitting him, or to that effect. That's as far as I got.

. . . .

Q. Who was it that made additional comments about what could have occurred at the time of the incident?

A. The individual?

Q. Yes.

A. The one I remember is Marles Dobson.

Q. What did she say?

---

2. Appellant has not quoted in his brief the alleged improper testimony; he refers only to page numbers. We believe some of these numbers are in error and we have quoted the testimony to which we believe appellant intended to refer.

A. She said that she thought that the child had been backing the dog in the corner and was beating him.

We will not address appellant's argument regarding this testimony because he failed to object at trial and therefore may not raise the issue for the first time on appeal. *Stroud v. Dorr-Oliver, Inc.*, 112 Ariz. 403, 542 P.2d 1102 (1975); *Shell Oil Co. v. Gutierrez*, 119 Ariz. 426, 581 P.2d 271 (App. 1978). Appellant appears to contend that since this evidence had a significant probability of influencing the jury, it was fundamental error to allow its admission. If it is fundamental error, his argument continues that it is reversible error notwithstanding the fact that he did not object. This argument is without merit for several reasons, the most basic of which is that the admission of this testimony does not rise to the level of fundamental error as it has been defined by our supreme court. *See Johnson v. Elliott*, 112 Ariz. 57, 537 P.2d 927 (1975).

 Appellant contends the trial court also erred in instructing the jury that unintentional provocation is a defense to liability under the Arizona statutes. This court has recently decided a related issue in *Toney v. Bouthillier*, 129 Ariz. 402, 631 P.2d 557 (App.1981), where we held that the actions of a child of tender years may constitute provocation within the meaning of A.R.S. § 24–523. We find that the reasoning of that decision is applicable to the issue now before us.

Illinois and Michigan have similar statutes allowing provocation as a defense.[3] The Illinois Court of Appeals has reasoned:

The statute does not distinguish between intentional and unintentional acts of provocation . . . . Defendant's position, that the mental state of the actor who provokes a dog is irrelevant, is consistent with the commonly understood meaning of provocation. Provocation is defined as an act or process of provoking, stimulation or incitement. (Webster's Third New International Dictionary 1827 (1961).) Thus it would appear that an unintentional act can constitute provocation within the plain meaning of the statute.

. . . .

. . . Had the legislature intended only intentional provocation to be a bar to recovery we think it would have so specified. Its conclusion apparently was that an owner or keeper of a dog who would attack or injure someone without provocation should be liable. This implies that the intent of the plaintiff is immaterial.

*Nelson v. Lewis*, 36 Ill.App.3d 130, 131, 133, 344 N.E.2d 268, 270–72 (1976). The Illinois court went on to hold that even though the provocation was unintentional, the defense of provocation was a complete defense. The Illinois court reaffirmed its position in *Stehl v. Dose*, 83 Ill.App.3d 440, 38 Ill.Dec. 697, 403 N.E.2d 1301 (1980). The Michigan Supreme Court has also implied that inadvertent acts may be the basis of a provocation defense. *Nicholes v. Lorenz, supra*.[4]

We find the reasoning and result of these courts to be sound and persuasive. In addition, Arizona's dog bite statutes extend the liability of dog owners, *see Jones v. Manhart*, and therefore must be strictly con-

3. Ill.Rev.Stat. ch. 8, § 366 provides:
 If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of the injury sustained.
 The Michigan statute is similar:
 The owner of any dogs which shall without provocation bite any person while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dog, shall be liable for such damages as may be suffered by the

person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness.
Mich.Comp.Laws Ann. § 287.351.

4. While the Michigan court was not addressing the same issue with which we are faced, it considered the provocation defense and found that the legislature did not impose liability where the consequences might reasonably have resulted from provoking an animal. Thus, the court implied that provocation depends on whether the actions caused the animal to react rather than on the intent of the actor.

strued, *see Kilmer v. Hicks,* 22 Ariz.App. 552, 529 P.2d 706 (1974). The trial court did not err in instructing the jury that unintentional provocation is a defense to an action brought under the Arizona dog bite statute.

On a related issue, appellant contends that the trial court erred in instructing the jury that they could find that a child of tender years could have provoked the dog. Appellant failed to object to the instruction as is required by rule 51(a), Rules of Civil Procedure, 16 A.R.S. In addition, this issue has been resolved against appellant in *Toney v. Bouthillier, supra.*

### AT LARGE STATUTE

 Appellant's last contention is that the court erred in failing to give a jury instruction on the liability of a dog owner for harm caused by his dog which is at large. His argument is based upon A.R.S. § 24-378:

> Injury to any person or damage to any property by a dog while at large shall be the full responsibility of the dog owner or person or persons responsible for the dog when such damages were inflicted.

The term "at large" is defined in A.R.S. § 24-361.2 as "being neither confined by an enclosure nor physically restrained by a leash." Appellant contends that since the fence on Mr. Cox's property could not restrain the dog and it was not on a leash, the appellees are absolutely liable under this statute and the jury should have been so instructed.

We first note that provocation may be a defense to the liability imposed by this section just as it is for liability under A.R.S. § 24-521, and therefore an instruction on absolute liability would have been in error. *Toney v. Bouthillier, supra.* In this case, the jury was instructed:

> By statute applicable to this situation, the owner of a dog which bites a person is liable for damages suffered by the person bitten, . . . .

This instruction, together with the provocation instruction, adequately covers liability under both statutes. It is not error to fail to give instructions covering points of law covered by the other instructions. *Travelers Indemnity Co. v. Hudson,* 15 Ariz.App. 371, 488 P.2d 1008 (1971).

Having found no error, the judgment of the trial court is affirmed.

FROEB, J., and YALE McFATE, J., Retired, concur.

NOTE: The Honorable YALE McFATE was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz.Const. art. VI, § 20.