**Linda ABELSETH, Appellant (Plaintiff),**

v.

**CITY OF GILLETTE, a governmental entity, Appellee (Defendant).**

No. 87–219.

Supreme Court of Wyoming.

April 7, 1988.

---

2. Attempted sexual assaults are, however, specific intent crimes. See *Seeley v. State*, Wyo., 715 P.2d 232, 239 (1986).

Don M. Empfield, Gillette, for appellant.

Charles W. Anderson, Daly, Anderson & Taylor, P.C., Gillette, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

THOMAS, Justice.

This case presents the question of whether the waiver of governmental immunity incorporated in the Wyoming Governmental Claims Act, §§ 1–39–101 through 1–39–120, W.S.1977 (1987 Replacement) (Act), permits a claim of common law liability for harboring an animal known to be vicious to be asserted against a city or town. The district court dismissed this claim of the complaint, holding that it was a claim sounding in strict liability. That court ruled that, since claims for strict liability are not included in the Wyoming Governmental Claims Act and are not among the express exceptions to governmental immunity, the City of Gillette and its employees were immune from such a claim. We agree with the determination of the district court and its interpretation of the statute. Consequently, we affirm the dismissal of Count I of the complaint.

Appellant, Linda Abelseth, filed an action in December of 1986, seeking damages from the City of Gillette (City), appellee, for injuries suffered when she was bitten by a trained dog used by the City's police department. The complaint sought recovery on two causes of action: first, common law liability for keeping a dog known to be dangerous; and second, negligence premised upon the alleged breach of the officer's duty to restrain the dog. Both claims referenced the Act, and the procedure for invoking that Act was followed. The City filed an answer and motion to dismiss, asserting that both counts of the complaint failed to state a claim pursuant to the Act. The motion was granted by the district court which allowed appellant to amend her complaint and designate the policeman at the scene. Appellant then filed an amended complaint which was met by a second motion to dismiss, pursuant to Rule 12(b)(6), W.R.C.P. The City asserted that the amended complaint was substantially similar to the initial one and it still failed to state a claim pursuant to the Act.

In April of 1987, the district court entered an order denying the motion to dismiss as to Count II of the amended complaint but granting the motion to dismiss as to Count I. The court held that Count I did not state a claim under the Act, and the judge, certifying that there was no just reason for delay, directed the immediate entry of judgment as to Count I so that the

dismissal could be appealed. Appellant did appeal that order, but this court dismissed the appeal since the standard set forth in *Tader v. Tader*, Wyo., 737 P.2d 1065 (1987), had not been followed. Appellant then moved, pursuant to Rule 60(a), W.R.C.P., for modification of the order of the district court entered on April 10, 1987, with respect to Count I. The district court did amend its original order by setting forth a brief, reasoned explanation as to why there was no just cause for delay and that judgment should be entered with respect to Count I. This appeal was taken from that amended order.

In her brief, the appellant articulates these issues:

"1. Whether the common-law remedy providing a claim for relief to an injured plaintiff for an animal bite from a domestic animal with known vicious propensities (commonly referred to as the 'one-bite rule') applies to a municipality and its police attack dog under the provisions of the Wyoming Governmental Claims Act.

"2. Whether the district court's dismissal of the plaintiff's first claim for relief was in error."

The appellee's statement of the issues is:

"1. Whether compliance with the Wyoming Governmental Claims Act is mandatory in an action in tort for personal injuries against a city.

"2. Whether Count I of plaintiff's amended complaint states a claim for relief against the defendant City of Gillette pursuant to the Wyoming Governmental Claims Act.

"3. Whether appellant should be ordered to pay appellee's costs and attorney's fees for forcing appellee to respond to a frivolous appeal since there is no reasonable cause for the appeal."

One evening, in July, 1986, a police officer, employed by the City, responded to a report of an incident of domestic violence. His purpose was to interview and protect the victim who had been beaten severely by her husband. The officer was accompanied by his specially trained police dog. After arriving at the location of the incident, the officer parked his clearly marked patrol car in front of the house and went to seek the victim of the beating. The City's police car was equipped with overhead lights and also displayed decals warning of a police dog in the car.

The officer had received extensive schooling in handling trained police dogs, and he had had years of experience with this particular dog. He intended to have the dog available for possible defensive use as a deterrent to violence on the part of the victim's husband because he had been advised that the victim's husband had not been apprehended and could be a potential source of additional violence toward the victim. The officer followed appropriate police department regulations and left the dog in the patrol car with access to an open window so that it could readily come to the officer's assistance if that need should arise. The dog had been trained specifically to remain in the car unless ordered to leave by its handler, and it had never exited the vehicle before without any direct command to do so from its handler.

Appellant is the mother of the victim's husband, and she arrived at the scene soon after the officer. She parked her car directly behind the patrol car and, leaving her car from the passenger side, she hurried toward her daughter-in-law. Her path took her near the passenger side of the patrol car. As she hurried by the patrol car, the dog, trained to protect its immediate territory (the car in this instance), leaned out the open window and bit the appellant on her left shoulder. The bite resulted in injuries, which required emergency care at Campbell County Memorial Hospital. In addition, other medical expenses, including the costs of cosmetic surgery, were incurred. The appellant was left with a small but visible scar. The bite is not claimed to have impaired the function of her shoulder nor resulted in any continuing negative effects.

The Act establishes the exclusive remedy for tort claims against a governmental entity. Section 1–39–104(a) provides, in part:

"A governmental entity and its public employees while acting within the scope

of duties are granted immunity from liability for any tort except as provided by W.S. 1–39–105 through 1–39–112. * * * "

This statute, applicable to the state, counties and cities, was adopted by the legislature to lend a balance to the "equities between persons damaged by governmental actions and the taxpayers of the State of Wyoming whose revenues are utilized by governmental entities on behalf of those taxpayers." Section 1–39–102(a). The statute presents a close-ended waiver of governmental immunity; unless a claim asserted against a municipality falls within one of the statutory exceptions, it will be barred. Section 1–39–104(a); *Boehm v. Cody Country Chamber of Commerce,* Wyo., 748 P.2d 704 (1987); *Troyer v. State, Department of Health and Social Services, Division of Vocational Rehabilitation,* Wyo., 722 P.2d 158 (1986); Comment, *Wyoming's Governmental Claims Act: Sovereign Immunity With Exceptions—A Statutory Analysis,* XV Land & Water L.Rev. 619 (1980). The legislature expressly declared that the statute was not intended to "impose nor allow the imposition of strict liability for acts of governmental entities or public employees." Section 1–39–102. It was the view of the district court that Count I of the appellant's complaint alleged strict liability, and, for that reason, it was dismissed.

In her complaint, the appellant alleged: "First Claim for Relief.

\*     \*     \*     \*     \*     \*

"4. That at all times pertinent hereto, the defendant owned a large, male German Shepherd, whose name was 'Ico' or 'Eico' (phonetically) and whose handler was Mr. Hauge; that the defendant owned this dog for many months before July, 1986; and

"5. That this dog had previously exhibited vicious propensities, and this fact was known or should have been known by Mr. Hauge * * *."

The complaint appears to allege:

1. Possession of a domestic animal; and

2. That the possessor knew or had reason to know of dangerous propensities of this animal.

In a case which factually is substantially identical, the Supreme Court of Oregon quoted Section 509 of the Restatement (Second) of Torts, comment f, at 17 (1977), and stated:

"* * * The law is well settled that a person who keeps a vicious dog with knowledge of its vicious propensities is liable for harm caused by the dog, although he has exercised the utmost care to prevent it." *Borden v. City of Salem,* Or., [249 Or. 39], 436 P.2d 734, 735 (1968).

This is a concise statement of the rule of the common law regarding liability for injuries caused by animals known to be vicious. It clearly is a strict liability theory because the possessor of the animal is liable for harm caused by the animal without regard to due care.

We adopted the common law rule in *Larsen v. City of Cheyenne,* Wyo., 626 P.2d 558 (1981), in which we said:

"At common law, the liability for damages occasioned by a known vicious dog was placed on the owner, keeper, or harborer. See 4 Am.Jur.2d Animals §§ 86, 92, 94 and 98. The liability need not be predicated on negligence.

" ' * * * As a rule, therefore, unless the owner or keeper can be relieved by some act or omission on the part of the person injured, *his liability may be said to be absolute.'* (Footnote omitted.) 4 Am. Jur.2d Animals § 94, supra; *Borden v. City of Salem,* [supra]." (Emphasis added.) *Larsen v. City of Cheyenne,* supra, 626 P.2d at 560.

There can be little question that the rule articulated in Restatement (Second) of Torts, § 509, supra, is identical to the law in Wyoming.

The elements of the cause of action described in Restatement (Second) of Torts, § 509, supra, are:

"1. Possession of a domestic animal; and

"2. That the possessor knew or had reason to know that the animal had dangerous propensities."

The elements of Count I of the appellant's complaint and those required to establish a claim for strict liability under § 509, Restatement (Second) of Torts, supra, are identical. They track those which would be demonstrated according to *Larsen v. City of Cheyenne,* supra, and the only possible conclusion is that, in the first cause of action, the appellant's complaint pleads a theory of strict liability.

We recognize that appellant urges that Count I does not sound in strict liability. We look to the elements that were pleaded in her complaint, however, to determine the true nature of her claim. It is clear that appellant specifically has pleaded all of the essential elements of a claim for strict liability under § 509, Restatement (Second) of Torts, supra. "No particular words are required such as 'strict liability' * * *." *Ogle v. Caterpillar Tractor Company,* Wyo., 716 P.2d 334, 344 (1986). The only requirement is that the essential elements of the cause of action must be raised, at least indirectly, by the appellant's factual allegation. *Ogle v. Caterpillar Tractor Company,* supra.

We are satisfied that Count I of appellant's complaint presents a claim for strict liability. The Wyoming Governmental Claims Act precludes reliance on strict liability, and the allegations set forth in Count I do not fit with any of the exceptions to the Act. Consequently, as the district court correctly ruled, Count I does not state a claim for which relief can be granted. It properly was dismissed by the district court.

We affirm the dismissal of Count I by the district court.