■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGO GITTENS, Appellant. [602 NYS2d 595] —Motion for resettlement is granted to the extent of recalling and vacating this Court's unpublished decision and order entered on June 22, 1993 (Appeal No. 48887) and substituting therefor a new memorandum and decision as follows:

Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered February 5, 1991, convicting the defendant, upon a jury verdict, of attempted assault in the second degree and criminal tampering in the second degree and sentencing him, as a predicate felon, to an indeterminate term of imprisonment of from 1⅔ to 3⅓ years on the attempted assault count to run concurrently with a 1 year term on the remaining count, unanimously modified, on the law, the judgment convicting the defendant of attempted assault in the second degree is vacated and remitted for a new trial, and otherwise affirmed.

After a Transit Police Officer saw the defendant attempting to remove subway tokens from a turnstile with a metal strip, the officer, accompanied by a dog, approached him. The defendant ran out of the station and into a nearby shop. When the officer followed him into the back of the store he saw the defendant in a fighting stance, holding a metal object. When the defendant refused to comply with the officer's order to drop the object, the officer gave a command to his dog to watch the defendant, placing the dog on alert.

The officer told the defendant that he was under arrest. In response, the defendant lunged at him. The officer then commanded the dog to "get him", directing the dog to bite the defendant's leg. The defendant dropped the metal object but

kicked the dog in the face, causing him to release his grip on the defendant.

The defendant ran behind a counter, grabbed a metal folding chair and placed it between him and the officer and his dog. He then swung it at the officer, hitting him in the arm. The officer again directed his dog to get the defendant and the dog responded by biting the defendant on his leg. Once again, the defendant kicked the dog and the dog released its grip.

The officer tried to handcuff the defendant but they both fell to the ground. The defendant was eventually subdued and arrested. The jury convicted him of attempted assault in the second degree and criminal tampering in the second degree.

Although we agree with the People that the evidence was legally sufficient to establish the defendant's guilt and that the verdict was not against the weight of the evidence (CPL 470.15 [4] [b]; [5]; *People v Contes*, 60 NY2d 620), certain errors committed by the trial court in its charge and supplemental instruction to the jury mandate a new trial.

The court properly granted the defendant's request to charge the jury on justification since there was a reasonable view of the evidence to support the defendant's contention that he acted in self-defense *(People v McManus*, 67 NY2d 541, 549). However, the charge provided was confusing and unbalanced and, in effect, removed from the jury's consideration whether or not the use of the dog in effectuating the defendant's arrest constituted excessive force.

The defendant contended that the officer had used excessive force in initially attempting to place him in custody, by having the dog bite him, and that he was, therefore, justified in using force in self-defense at the second attempt to arrest him. In order to aid the jurors properly in their determination of the reasonableness of the defendant's conduct, the court should have instructed them to consider the defendant's "circumstances", including the physical attributes of all those involved in the incident, including the dog *(People v Wesley*, 76 NY2d 555, 559; *People v Goetz*, 68 NY2d 96, 114). The unbalanced nature of the charge, to which defense counsel protested, was compounded by the court's instruction as to the use of the chair as a dangerous instrument, without a similar instruction on the use of the dog by the officer.

The court further erred in its response to the jury's request, during deliberations, for a clarification of its justification charge. The jury requested further instruction on the justifica-

tion issues "you mentioned at the end of your charge? At what point should we decide 'not guilty' due to a question of self-defense?" In response, the Trial Judge first told the jury that he understood their question to refer to the very end of his charge and then stated that he already instructed them as to what justification was in terms of the defense and "also mentioned to you that the officer also had certain rights to use reasonable force to effectuate an arrest."

Despite the court's indication to the jury that it would instruct them further on the issue if the jury so desired, the supplemental instruction provided was unbalanced in that the court instructed the jury on whether the acts of the officer were justified but did not again instruct them as to the reasonableness of the defendant's actions. Rather than ask the jurors to clarify their request, the court presumed, despite objection by defense counsel, that the jury only wanted further instruction on justification as it related to the officer.

Since the effect of these errors was to deny the defendant a fair trial, a new trial is ordered. Concur—Rosenberger, J. P., Ellerin, Asch and Rubin, JJ.