888 P.2d 1346

**Gregory Scott WEEKLY, Plaintiff–Appellant,**

v.

**CITY OF MESA, Arizona, a municipality and political subdivision of the State of Arizona, Defendant–Appellee.**

No. 1 CA–CV 93–0109.

Court of Appeals of Arizona, Division 1, Department B.

Aug. 9, 1994.

Review Denied Feb. 22, 1995.

Toles & Associates, P.C. by Rosann K. Johnson and M. Jeremy Toles, Phoenix, for plaintiff-appellant.

J. Robert Tolman, Mesa, for defendant-appellee.

## OPINION

JACOBSON, Judge.

Appellant Gregory Scott Weekly (plaintiff) appeals from judgment in favor of defendant-appellee, the City of Mesa (the City),[1] on his claim for strict liability pursuant to A.R.S. § 11–1025 (the dog bite statute) for injuries plaintiff received from being bitten by a police dog while being arrested. The only issue raised on appeal is whether the legislative amendment to A.R.S. § 11–1025, enacted after the occurrence here, which excepts the use of police dogs from strict liability under the dog bite statute, is applicable. We conclude that the amendment constituted a change in the law that applied only prospectively, and that the trial court erred in granting the City's motion to dismiss plaintiff's strict liability claim based on this amendment.

### FACTS AND PROCEDURAL BACKGROUND

On March 12, 1991, plaintiff filed a complaint against the City, alleging that, on March 12, 1990, he had been injured when bitten by a police dog, named "Bear," who attacked him at the command of Mesa Police Officer Patrick Donahue, who was responding to a 911 call by plaintiff's roommate. Among other claims,[2] plaintiff's second amended complaint alleged that the City, as owner of the dog, was strictly liable for plaintiff's injuries pursuant to A.R.S. § 11–1025.

Plaintiff moved for partial summary judgment on the strict liability count, alleging the following as undisputed facts. On March 12, 1990, plaintiff's roommate placed a 911 call to

---

1. Although the parties have captioned as appellees on appeal all parties who were named as defendants in the trial court, this appeal involves only the statutory claim made against the City of Mesa as the dog's owner, who is contended to be strictly liable for plaintiff's injuries from the dog bites. The other defendants are thus not before us on appeal.

2. Plaintiff also alleged negligent use of excessive force, negligent failure to supervise and train officers, negligent failure to supervise and train canine "Bear," and strict liability pursuant to common law. No issues regarding any of these other claims are before us on appeal.

the Mesa police, advising that he needed assistance in controlling a disturbance by plaintiff in his apartment but that no weapons were involved. Mesa Police Officers Patrick Donahue and Lisa Gray responded to the call, bringing along the police dog, "Bear." When plaintiff refused to submit to arrest for disorderly conduct, Officer Donahue directed the dog to attack plaintiff. The dog's bites caused serious injury to plaintiff's right forearm, which required plaintiff's hospitalization and two surgeries. Plaintiff argued that, under the dog bite statute, the City was strictly liable.

The City moved to dismiss, contending that a claim for relief was not available because the dog bite statute did not apply to police dogs used as instruments of law enforcement.

After a hearing on the motions, the trial court granted plaintiff's motion for summary judgment, ruling as follows:

> This Court would have to engage in judicial activism and strained reasoning to conclude that the Arizona legislature did not intend for our dog bite statute to cover police dogs used by municipalities.

In doing so, the court also denied the City's motion to dismiss.

Almost five months later, on August 11, 1992, the City filed a "Motion for Reconsideration and to Set Aside Order," advising the court that, since its ruling in plaintiff's favor, the legislature had amended A.R.S. § 11–1025, by creating an exception for police dogs from the strict liability imposed by the statute. The City sought relief from the prior order on the basis of Rule 60(c)(6), Arizona Rules of Civil Procedure, "to accomplish justice."

In order to avoid arguments as to retroactivity, the City contended that the amendment constituted a statement of the legislature's original intent to exclude police dogs from the statute, thus clarifying an "inconsistency" between A.R.S. § 13–409, which allows law enforcement officers to use reasonable force to effect an arrest, and the un-amended version of the dog bite statute, which provided strict liability. Plaintiff responded that the statutory amendment could not be given retroactive effect.

The trial court ruled in the City's favor, reasoning as follows:

> A.R.S. § 11–1025 applies strict liability to dog bites; A.R.S. § 13–409 states when the use of physical force in law enforcement is justified; and A.R.S. § 13–413 provides for no civil liability for justified conduct. When considered together they give rise to an ambiguity and uncertainty as to legislative intent.
>
> A.R.S. § 11–1025 was recently amended exempting military and police dogs from the strict liability of the statute. An amendment which, in effect, construes and clarifies a prior statute will be accepted as the legislative declaration of the original act. *Mesa v. Killingsworth*, 96 Ariz. 290, 394 P.2d 410 (1964).
>
> This recent amendment to A.R.S. § 11–1025 clarifies the ambiguity and uncertainty mentioned above. This Court concludes that conduct justified pursuant to A.R.S. § 13–409 and immune from civil liability pursuant to A.R.S. § 13–413 is exempted from the strict liability applicable to dog bites as set forth in A.R.S. § 11–1025.

Based on that reasoning, the court vacated its previous orders, denied plaintiff's motion for partial summary judgment, and granted the City's motion to dismiss. Following trial upon the other claims, plaintiff timely appealed, raising only the issue of strict liability under the dog bite statute.

## DISCUSSION

### Standards of Review

 In reviewing a dismissal for failure to state a claim upon which relief can be granted, we assume that the allegations of the complaint are true; we will uphold dismissal only if plaintiff is not entitled to any relief under any facts susceptible of proof. *McAlister v. Citibank*, 171 Ariz. 207, 211, 829

P.2d 1253, 1257 (App.1992). To the extent the trial court's ruling involved an issue of statutory construction, we review that legal issue *de novo. See Barry v. Alberty,* 173 Ariz. 387, 389, 843 P.2d 1279, 1281 (App.1992) (statutory interpretation is a question of law); *Chaffin v. Commissioner of Arizona Dep't of Real Estate,* 164 Ariz. 474, 476, 793 P.2d 1141, 1143 (App.1990) (review of statutory interpretation is *de novo.*).

### Effect of a Statutory Amendment

■ We start with the general premise that "[n]o statute is retroactive unless expressly declared therein." A.R.S. § 1–244. We presume, when the legislature enacts an amendment, that it intends a change in the existing law. *Lake Havasu City v. Mohave County,* 138 Ariz. 552, 558, 675 P.2d 1371, 1377 (App.1983). If an amendment is made after a considerable passage of time and is a clear and distinct change of the operative language of a statute, it is an indication of an intent to change the previous statute. *O'Malley Lumber Co. v. Riley,* 126 Ariz. 167, 169, 613 P.2d 629, 631 (App.1980). If the amendment at issue in this case constituted such a change, it would not apply to the facts of this case, which occurred before its effective date.

■ On the other hand, our courts have recognized that when an ambiguity arises in the construction of a statute, or the construction of two interrelated statutes, a legislative amendment may constitute a clarification of the original intent of the statute rather than a prospective amendment and thus be given retroactive effect. *See, e.g., State v. Sweet,* 143 Ariz. 266, 269, 693 P.2d 921, 924 (1985); *City of Mesa v. Killingsworth,* 96 Ariz. 290, 297, 394 P.2d 410, 414 (1964). If such an ambiguity exists, the court may look to the development of the statute and its legislative history in order to ascertain the purpose of the legislation. *Sweet,* 143 Ariz. at 270, 693 P.2d at 925; *Smith v. Superior Court,* 17

Ariz.App. 79, 82, 495 P.2d 519, 522 (1972). If the language of the statute is capable of more than one reasonable interpretation, we may look to the legislative history that led to the passage of the act and may consider subsequent legislation on the same subject. *Rio Rico Properties, Inc. v. Santa Cruz County,* 172 Ariz. 80, 90, 834 P.2d 166, 176 (Tax 1992).

### Was the Prior Law Ambiguous?

■ The original dog bite statute, first enacted in 1952, provided a general rule of strict liability on the owner of a dog that bites:

> The owner of a dog which bites a person when the person is in or on a public place or lawfully in or on a private place, including the property of the owner of the dog, is liable for damages suffered by the person bitten, regardless of the former viciousness of the dog or the owner's knowledge of its viciousness.

Former A.R.S. § 24–521 (Laws 1952, ch. 42, § 1), renumbered as § 11–1025 (Laws 1990, ch. 374, § 223); *see also* 1939 Ariz.Code § 27–1901 (Supp.1952). This was the dog bite statute in effect at the time this cause of action arose in March 1990. This statute was interpreted to expand the common law liability, which imposed liability only if an owner knew or had reason to know that the dog was dangerous (the "one-free-bite" rule). *Jones v. Manhart,* 120 Ariz. 338, 585 P.2d 1250 (App.1978); *see also James v. Cox,* 130 Ariz. 152, 634 P.2d 964 (App.1981). Because the statute expands common law liability, it is strictly construed. *James v. Cox,* 130 Ariz. at 156–57, 634 P.2d at 968–69.

The City contends that the legislature could not have intended in 1952 to include police dogs within the strict liability provisions of the dog bite statute because no police dogs were in use in Arizona at that time.[3] For the same reason, plaintiff argues that the 1952 legislature could not have in-

---

3. The City also points out cases in other jurisdictions in which courts have held their dog bite statutes inapplicable to suits against municipalities arising from the reasonable use of police dogs. *See Blais v. Town of Goffstown,* 119 N.H. 613, 406 A.2d 295 (1979); *Abelseth v. City of*

tended to exclude police dogs from liability. However, the critical question in this case is not the intent of the legislature in 1952, but whether an ambiguity existed in the law at the time plaintiff's cause of action arose in 1990, when he was bitten, that was clarified by the amendment enacted in 1992. If we do not find such an ambiguity arising from operation of the prior dog bite statute, it is not necessary for us to address the intent of the legislature from sources other than the plain wording of the statutory scheme. *See Sweet*, 143 Ariz. at 269, 693 P.2d at 924 ("only where a statute is ambiguous or unclear is a court at liberty to resort to the rules of statutory interpretation").

In 1992, the original dog bite statute was designated as subsection (A), and the following provisions, designated (B), (C), and (D), were added:

> B. Nothing in this section or in § 11–1020 [4] shall permit the bringing of an action for damages against any governmental agency using a dog in military or police work if the bite occurred while the dog was defending itself from a harassing or provoking act, or assisting an employee of the agency in any of the following:

> 1. In the apprehension or holding of a suspect where the employee has a reasonable suspicion of the suspect's involvement in criminal activity.

> 2. In the investigation of a crime or possible crime.

> 3. In the execution of a warrant.

> 4. In the defense of a peace officer or another person.

> C. Subsection B of this section shall not apply in any case where the victim of a bite was not a party to, nor a participant in, nor suspected to be a party to or a participant in, the act that prompted the use of the dog in the military or police work.

> D. Subsection B of this section shall apply only where a governmental agency using a dog in military or police work has adopted a written policy on the necessary and appropriate use of a dog for the police or military work enumerated in subsection B of this section.

Laws 1992, ch. 242, § 2, eff. September 30, 1992.

Even before this amendment, however, certain provisions in the criminal code provided law enforcement officials with a defense against civil liability resulting from the use of physical force in certain enumerated situations. First, A.R.S. § 13–409 provides:

> A person is justified in threatening or using physical force against another if in making or assisting in making an arrest or detention or in preventing or assisting in preventing the escape after arrest or detention of that other person, such person uses or threatens to use physical force and all of the following exist:

> 1. A reasonable person would believe that such force is immediately necessary to effect the arrest or detention or prevent the escape.

*Gillette*, 752 P.2d 430 (Wyo.1988). We find those cases distinguishable, however, in that both were decided in part on the basis of common law governmental immunity from tort claims existing in those jurisdictions that was not present in Arizona when this cause of action arose. *Compare Blais*, 406 A.2d at 298 ("municipalities at that time enjoyed near-complete immunity from suits sounding in tort") *and Abelseth*, 752 P.2d at 432–33 (Wyoming governmental claims act, which provided "exclusive remedy for tort claims against a governmental entity," did not include strict liability for dog bites) *with* Laws 1984, ch. 285, § 1, codified at A.R.S. § 12–820, Historical and Statutory Note ("it is hereby declared to be the public policy of this state that public entities are liable for acts and omissions of employees in

accordance with the statutes and common law of this state") *and Pritchard v. State*, 163 Ariz. 427, 788 P.2d 1178 (1990) (common law in Arizona is that government is liable for its tortious conduct and immunity is the exception).

4. A.R.S. § 11–1020 provides:

> Injury to any person or damage to any property by a dog while at large shall be the full responsibility of the dog owner or person or persons responsible for the dog when such damages were inflicted.

Added as § 24–378 by Laws 1975, ch. 164, § 11. Renumbered as § 11–1020 by Laws 1990, ch. 374, § 222, eff. January 1, 1991.

2. Such person makes known the purpose of the arrest or detention or believes that it is otherwise known or cannot reasonably be made known to the person to be arrested or detained.

3. A reasonable person would believe the arrest or detention to be lawful.

Once the factual predicates of A.R.S. § 13–409 are established, § 13–413 provides nonliability for civil damages:

No person in this state shall be subject to civil liability for engaging in conduct otherwise justified pursuant to the provisions of this chapter.

The City contends that the application of the provisions of the original dog bite statute, together with the justification statutes, results in an ambiguity that was clarified by the 1992 amendment. The trial court agreed; we do not.

■ As a preliminary matter, we note that whether the justified conduct set forth in § 13–409 includes an arrest effected by the use of a police dog that bites the suspect in the course of the arrest is a question that is neither addressed nor precluded by the relevant statutory provisions. We reject plaintiff's initial argument that the use of a police dog does not, as a matter of law, fall within the terms of A.R.S. § 13–409. We see no difference between a police officer directing a dog to attack a person and a police officer directing a blow at a person with a baton. In both situations, the officer is directing the force; in both situations, the reasonableness of the use of that force is a factual determination. Only the instrumentality is different. Most cases that have considered this issue in the context of criminal prosecutions agree that the use of a police dog to effect an arrest or detention falls within the justification statute. *See, e.g., People v. Gittens,* 196 A.D.2d 795, 602 N.Y.S.2d 595 (1983) (jury can consider whether use of police dog constituted excessive force); *People v. Rivera,* 8 Cal. App.4th 1000, 10 Cal.Rptr.2d 785 (App.Dist. 1 1992) (police dog is the instrumentality of person who gave him orders); *People v.*

*Black,* 23 Cal.App.4th 667, 28 Cal.Rptr.2d 546 (App.Dist. 2 1994) (legal justification was a defense to defendant's crime of willful injury to a police dog). We conclude that the justification statutes are sufficiently broad to include an officer's use of a police dog as "physical force." Thus, our ultimate inquiry is whether an ambiguity in the law is created by application of the justification statutes in tandem with the unamended dog bite statute.

■ An "ambiguity" in the law can exist when the legislature has enacted two or more statutes that appear to operate inconsistently. *Killingsworth,* 96 Ariz. at 294, 394 P.2d at 412. However, it is an established rule of statutory construction that statutes must be read so as to give meaning to both; we presume that existing statutes were intended to operate contemporaneously. *Smith v. MacDougall,* 139 Ariz. 22, 24–25, 676 P.2d 656, 658–59 (App.1983); *see also St. Joseph's Hosp. & Med. Center v. Maricopa County,* 138 Ariz. 127, 132, 673 P.2d 325, 330 (App.1983). In this case, we have no difficulty construing A.R.S. § 11–1025 as a general rule of liability to which A.R.S. §§ 13–409 and –413 provide a limited exception under narrow factual circumstances. Although the dog bite statute provides the basis for plaintiff's claim against the City, the justification statutes provide a basis for the City to defend against civil liability for that claim. Thus, a general rule of strict liability is provided under A.R.S. § 11–1025, while a narrow exception of nonliability is provided under A.R.S. §§ 13–409 and –413.

■ In *City of Mesa v. Killingsworth,* the court found an ambiguity between the operation of two statutes because the same factual predicate applied equally to both statutes, thus making ambiguous which statute applied. This is not true of the factual predicates underlying the dog bite statute and the justification statutes. For example, in this case, to establish liability under the dog bite statute, plaintiff must establish the following facts: (1) that the City is the owner of the dog; (2) that plaintiff was in or on a public place or lawfully in or on a private place,

including the property of the owner of the dog; and (3) that plaintiff was bitten by the dog. A.R.S. § 11–1025. To provide a defense to liability based on the justification statutes, the City would need to establish the following: (1) the dog was used as physical force against plaintiff during the course of making or assisting in an arrest or detention or preventing an escape after arrest or detention; (2) a reasonable person would believe that the use of the dog as such force was immediately necessary to effect the arrest or detention or to prevent the escape; (3) the person using the dog had made known to plaintiff the purpose of the arrest or detention or believed that it was otherwise known or could not reasonably be made known to plaintiff; and (4) a reasonable person would believe plaintiff's arrest or detention to be lawful. A.R.S. §§ 13–409 and –413.

■ This construction of the two provisions of law gives effect to both without operating to eliminate either as a matter of law. We conclude that, when read together, these two provisions do not create an ambiguity in the law that required a clarification of the legislature's original intent. Rather, these two statutory sections interact as do many other statutory or tort claims of liability and defenses to liability. *See, e.g.,* A.R.S. §§ 12–820 *et seq.* (providing absolute immunity, qualified immunity, affirmative defenses, and nonliability for punitive and exemplary damages for public entities and employees for injuries that would be actionable under statutory or common law claims if inflicted

by a private person). In the absence of an ambiguity, we must conclude that the statutory amendment did not operate as a clarification of the law existing at the time of this claim, and thus cannot be given retroactive effect.[5] The trial court thus erred in applying the amended dog bite statute to preclude plaintiff's claim in this case.

■ The justification statutes at issue here require factual determinations regarding police conduct in this case that were not decided because the trial court dismissed plaintiff's claim as a matter of law before the introduction of evidence.[6] *See, e.g., People v. Gittens,* 196 A.D.2d at 796, 602 N.Y.S.2d at 596 (whether use of police dog in effecting arrest was justified or constituted excessive force was a jury question in criminal prosecution for aggravated assault where defendant claimed self-defense). Depending on the resolution of those factual matters, plaintiff may or may not have an existing claim against the City for his injuries. Thus, dismissal of plaintiff's claim as a matter of law was error. If the City can factually establish the undisputed elements of a justification defense on the record before the trial court, then judgment may be entered in its favor; however, if it cannot, plaintiff is entitled to pursue his claim for strict liability under the provisions of the statute in effect at the time of his injury. Because the trial court erred in dismissing plaintiff's claim against the City for failure to state a claim, this case is reversed and remanded for further proceedings consistent with this decision.

WEISBERG, P.J., and SYLVIA R. ARELLANO, J., concur.

**5.** We do not need, at this juncture, to determine what effect, if any, the justification statutes have on police dog bites occurring after the effective date of the amendment to A.R.S. § 11–1025. We merely note that, generally, more recent, specific statutes govern over older, general statutes. *Lemons v. Superior Court,* 141 Ariz. 502, 505, 687 P.2d 1257, 1260 (1984). Neither do we address the effect of the dog bite amendment on a plaintiff's burden of proof in establishing liability under circumstances similar to those in this case. However, because this case involves the former dog bite statute and a defense of justification under A.R.S. §§ 13–409 and –413, the burden is on the City to establish the elements of that defense.

**6.** We note that certain evidence introduced at trial on the other claims in this case is present in the appellate record and may potentially resolve *some* of the factual determinations to be made in this case. However, that evidence was not before the trial court at the time it ruled on the motion to dismiss, and we will not presume to make such factual determinations for the first time on appeal. We also reject the City's contention that, because plaintiff failed on his negligence claims, the jury resolved the reasonable force issue. The jury may have simply found the officers were not negligent in directing the dog to attack plaintiff.

NOTE: The Honorable SYLVIA R. AREL-LANO was authorized to participate in this appeal by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. 6, § 3.