900 P.2d 12

**Roger PFEIL, Plaintiff–Appellant,**

v.

**Jeanie Elizabeth SMITH and Dennis Smith, wife and husband, Defendants–Appellees.**

**No. 1 CA–CV 93–0491.**

Court of Appeals of Arizona, Division 1, Department A.

July 13, 1995.

Charles Gustafson, P.C. by Charles B. Gustafson, Flagstaff, for appellant.

James A. Simmons, Prescott, for appellees.

## OPINION

WEISBERG, Judge.

Roger Pfeil ("plaintiff") appeals the trial court's grant of summary judgment in favor of Jeanie Smith ("defendant"). Because plaintiff's claim was not precluded by Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–413, we reverse the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY[1]

In August 1990, defendant went to plaintiff's stereo repair shop to pay for and pick up her car stereo. Unfortunately, an argument ensued, during which defendant became verbally abusive and used profane language, causing a customer to summon the police. Before the police arrived, defendant, in an attempt to leave the store with her stereo, injured plaintiff by knocking him to the floor. An officer then arrived and placed defendant under arrest for disorderly conduct. Defendant later was tried and acquit-

ted on the disorderly conduct charge in municipal court.

Plaintiff then filed this civil suit against defendant, alleging alternatively negligence and assault. Defendant moved for summary judgment, arguing that her acquittal in municipal court was based on a justification defense and, therefore, pursuant to A.R.S. section 13–413, she could not be held civilly liable for the same conduct. The trial court reluctantly agreed, stating in its minute entry:

> While the Court may disagree with the legislature's reasoning in banning a civil action after a not guilty decision in a criminal action, it cannot be argued that they have done so. [sic] It does indeed seem strange that a person can lose a civil right or claim because a criminal right or claim has been litigated, but that seems to be the legislature's intent.
>
> Therefore, this Court, while it disagrees that that should be the law, is bound by the law.

The court granted summary judgment to defendant and dismissed plaintiff's claim. Plaintiff has timely appealed.

## DISCUSSION

A.R.S. section 13–413 provides:

> No person in this state shall be subject to civil liability for engaging in conduct otherwise justified pursuant to the provisions of [Title 13, Chapter 4, Arizona Revised Statutes].

The sole issue on appeal is whether this statute bars plaintiff's civil suit.

The interpretation of a statute is a question of law we review *de novo*. *Barry v. Alberty*, 173 Ariz. 387, 389, 843 P.2d 1279, 1281 (App.1992). The guiding principle of statutory construction is to ascertain and give effect to the legislative intent. *Devenir Associates v. City of Phoenix*, 169 Ariz. 500, 503, 821 P.2d 161, 164 (1991). When construing a statute, this court looks first to the statute's language; if the language is plain

---

1. On review of summary judgment, we view the evidence and the inferences to be drawn from that evidence in the light most favorable to the party opposing the judgment. *Hill–Shafer Partnership v. Chilson Family Trust*, 165 Ariz. 469, 472, 799 P.2d 810, 813 (1990).

and unambiguous, we will apply it without resorting to other rules of construction. *State v. Reynolds,* 170 Ariz. 233, 234, 823 P.2d 681, 682 (1992). If the language is not clear, courts may look to other indicia of legislative intent, such as effects, consequences, and the reason and spirit of the statute. *State v. Iniguez,* 169 Ariz. 533, 536, 821 P.2d 194, 197 (App.1991). Moreover, we must construe a statute to give it a fair and sensible meaning. *Janson v. Christensen,* 167 Ariz. 470, 472, 808 P.2d 1222, 1224 (1991).

We recently addressed A.R.S. section 13–413 in *Weekly v. City of Mesa,* 181 Ariz. 159, 165–66, 888 P.2d 1346, 1352–53 (App.1994), in which we held that, before the trial court could dismiss a civil suit because of A.R.S. section 13–413, a defendant must establish the elements of the applicable justification defense. We did not reach the issue presented in the instant case, however, because there had been no prior criminal proceeding against the *Weekly* defendants.

■ In the instant case, defendant provided evidence that she had argued justification as a defense to the criminal charge and that she was acquitted. She contends that, pursuant to A.R.S. section 13–413, this evidence is sufficient to bar plaintiff's civil suit against her. We, however, disagree, and hold that a civil defendant cannot conclusively establish her justification defense by merely presenting evidence that her criminal acquittal might have been based on that same justification.

To begin, we read A.R.S. section 13–413 as doing no more than establishing justification, as it is defined in Title 13, as an affirmative defense in civil lawsuits. *See Weekly,* 181 Ariz. at 165, 888 P.2d at 1352. There simply is no language in the statute that directs that a criminal acquittal may be used as a shield against a civil claim. Nor can we find any legislative history that would support such a view.

■ Next, defendant's interpretation of A.R.S. section 13–413 ignores the differing burdens of proof in civil and criminal cases. In a civil action, the burden of proof is by the preponderance of the evidence, and the defendant has the burden of proving an affir-

mative defense. *See Weekly,* 181 Ariz. at 166 n. 5, 888 P.2d at 1353 n. 5 ("[B]ecause this case involves ... a defense of justification under A.R.S. §§ 13–409 and –413, the burden is on the [defendant] to establish the elements of that defense."); *see also Black, Robertshaw, Frederick, Copple & Wright, P.C. v. United States,* 130 Ariz. 110, 114, 634 P.2d 398, 402 (App.1981); *Palicka v. Ruth Fisher Sch. Dist. No. 90,* 13 Ariz.App. 5, 9, 473 P.2d 807, 811 (App.1970).

■ In a criminal case, though, the state must prove the absence of justification beyond a reasonable doubt. *State v. Duarte,* 165 Ariz. 230, 231, 798 P.2d 368, 369 (1990); *State v. Superior Court,* 172 Ariz. 232, 238, 836 P.2d 445, 451 (App.1992). Thus, even assuming *arguendo* that a defendant could show that her criminal acquittal had resulted from a justification defense, the most that would establish would be that the state had failed to prove beyond a reasonable doubt the absence of justification. Obviously, that would not meet defendant's burden of establishing her civil affirmative defense.

■ Moreover, because of the nature of criminal proceedings, no civil defendant could adequately show that her criminal acquittal had been based upon a justification defense. Except for verdicts of not guilty by reason of insanity, a jury is not required to state the reasons for its verdict. *See* Ariz. R.Crim.P. 23.2. Similarly, when a criminal case is tried without a jury, the trial court is not required to make findings of fact and conclusions of law, even when requested by the defendant. *State v. West,* 173 Ariz. 602, 607–08, 845 P.2d 1097, 1102–03 (App.1992). Thus, a defendant cannot show that an acquittal resulted from a justification defense rather than a different cause, such as the state's failure to prove the charge beyond a reasonable doubt.

In the instant case, the only evidence provided by defendant in support of her motion for summary judgment was an affidavit of her criminal defense attorney, in which he asserted that he had defended her on the grounds that her conduct had been justified. Obviously, this affidavit does not establish that the jury acquitted her for that reason,

and could not establish that it would have done so by the preponderance of the evidence.

We therefore conclude that A.R.S. section 13–413 merely provides that conduct qualifying as a justification defense to a criminal charge may also be the basis for an affirmative defense in a civil suit. Defendant must, however, assert and prove her justification defense in the civil proceeding, just as she would any other affirmative defense.

## CONCLUSION

For the foregoing reasons, we conclude that the trial court's summary judgment was in error. We therefore reverse and remand for further proceedings consistent with this opinion.

FIDEL, P.J., and CONTRERAS, J., concur.