**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ORAY P. FIFER,

               Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

               Defendant - Appellee.

No. 14-15275

D.C. No. 2:12-cv-01753-NVW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted April 7, 2016
Pasadena, California

Before: FERNANDEZ and BEA, Circuit Judges and MENDOZA,[**] District Judge.

Plaintiff-Appellant Oray Fifer ("Fifer" or "Appellant") appeals the district

court's grant of summary judgment in favor of the government on his Federal Tort

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The Honorable Salvador Mendoza, Jr., District Judge for the U.S. District Court for the Eastern District of Washington, sitting by designation.

Claims Act ("FTCA") assault and battery claims for damages to compensate Fifer for a claimed eye injury caused by prison officials' efforts to quell a prison riot.

We review a grant of summary judgment *de novo*, *Olson v. Morris*, 188 F.3d 1083, 1085 (9th Cir. 1999), and may uphold the district court's determination only if the movant (here, the United States) can show that "there is no genuine dispute as to any material fact and [the United States] is entitled to judgment as a matter of law," Fed. R. Civ. Proc. 56(a). Here, genuine disputes as to questions of material fact exist which preclude summary judgment. Accordingly, we reverse the lower court's judgment and remand for further proceedings consistent with this disposition.

## I.

The FTCA "authorizes private tort actions against the United States 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *U.S. v. Olson*, 546 U.S. 43, 44 (2005) (quoting 28 U.S.C. § 1346(b)(1)). Here, that place is Arizona. Applying Arizona law, we first hold that the district court erred to the extent it concluded that the record contained "no evidence of battery." Under Arizona law, an actor commits battery "if the actor [1] intentionally [2] engages in an act [3] that results in [4] harmful or offensive

-2-

contact with the person of another." *Duncan v. Scottsdale Med. Imaging, Ltd.*, 70

P.3d 435, 438 (Ariz. 2003). Here, two correctional officers admitted that they [1]

intentionally [2] fired bullets at Fifer. [3] As a result, [4] multiple rubber bullets

hit Fifer in the head; one hit his left eye, causing permanent harm. Fifer has made

a prima facie case of battery under Arizona law.

The question is whether the government has established its affirmative

defense that its use of force against Fifer was justified as a matter of law under

Arizona Revised Statutes § 13-403(2). That statute provides that "[a]

superintendent or other entrusted official of a jail, prison or correctional institution

may use physical force for the preservation of peace, to maintain order or

discipline, or to prevent the commission of any felony or misdemeanor." *Id.*; *see*

*also Pfeil v. Smith*, 900 P.2d 12, 14 (Ariz. Ct. App. 1995) (stating that Section 13-

403 is an "affirmative defense in civil lawsuits").

Appellant argues that § 13-403(2) applies only to government (*i.e.*, "public")

employees, and is therefore unavailable to the United States when the United

States' liability is measured by that of a private person, as the FTCA requires. We

reject this argument because its premise is flawed: § 13-403(2) *is* available to

"private" persons. Unlike other provisions of the same statutory scheme, *e.g.*,

Ariz. Rev. Stat. §§ 13-414, 13-416, the text of § 13-403(2) does not limit its

application to only private, or only public, prison officials. We therefore need not decide the more difficult question whether governing FTCA jurisprudence precludes the United States from invoking state-law defenses applicable only to "public" correctional officers.

However, we agree with Appellant that material factual disputes are made out by the record—(1) whether Fifer was complying with an official order to return to his cell when he was shot, (2) whether Fifer was down on hands and knees at the time he was shot, and (3) whether prison officials intentionally, but needlessly, targeted Fifer's head and face. These disputes prevent us from finding that the United States' actions were justified under § 13-403(2) as a matter of law. Section 13-403(2) does not give prison officials *carte blanche* to use any and all force against prisoners when quelling a prison riot. *See State v. Bojorquez*, 675 P.2d 1314, 1317 (Ariz. 1984) (interpreting § 13-403(2) as justifying only "that amount of physical force *necessary* to maintain order within the prison" (emphasis added)). A reasonable jury could therefore conclude that—while custodial officers' use of force to suppress the prison riot is generally justified—their use of force *against Fifer* was not reasonably "necessary" to maintain prison order, to preserve the peace, or to prevent the commission of a crime.

**II.**

Appellant argues for the first time on appeal that the district court erred in failing to read into his *pro se* complaint an additional claim based on state-law negligence (*i.e.*, that prison officials negligently induced Fifer to proceed into harm's way by issuing conflicting orders). But even were we to acknowledge that the liberal pleading rules which govern *pro se* complaints would permit us to construe Fifer's complaint as stating a negligence claim, any such negligence claim is waived in this appeal by virtue of Fifer's failure to pursue any theory sounding in negligence in his opposition to the United States' motion for summary judgment. *See Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008) (finding that a plaintiff had failed to preserve an Establishment Clause claim on appeal because, even assuming his *pro se* complaint could be liberally construed as stating such a claim, the prisoner had clearly abandoned the issue in his opposition to summary judgment). Fifer's cited cases merely require this court to construe *pro se* complaints liberally and "afford the petitioner the benefit of any doubt." *E.g.*, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121, 1123 (9th Cir. 2012). They do not require us to overlook Fifer's later abandonment of any negligence claim.

## III.

For all the reasons set forth herein, we REVERSE the district court's judgment and REMAND for further proceedings consistent with this disposition.