Kenneth S. USTON, Plaintiff-Appellant,

v.

**AIRPORT CASINO, INC., a corporation dba Marina Casino, et al., Defendants-Appellees.**

No. 76–2287.

United States Court of Appeals, Ninth Circuit.

May 24, 1977.

Amended Aug. 15, 1977.

Dennis T. Gary, of Clancey & Gary, San Francisco, Cal., for plaintiff-appellant.

Chris A. Tarkington, Russ Tarkington & Daniels, San Francisco, Cal., for defendants-appellees.

Before BROWNING, TRASK and WALLACE, Circuit Judges.

PER CURIAM:

Uston's complaint alleged that the defendants, operators of a gambling casino in Las Vegas, Nevada, excluded him from their casino and denied him the opportunity to play blackjack or "21" solely because he

is a "competent blackjack player." He contended that this action entitled him to recover damages under the federal civil rights laws and under the common law of innkeepers' duties. The district court dismissed for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). We affirm.

It is clear from Uston's complaint and brief that there is a lack of "state action" in the discriminatory conduct he alleges. It is also clear that his complaint does not involve discrimination on the basis of race, color, religion, national origin or sex. Although there are conclusory allegations of "conspiracy," the record is devoid of specific factual allegations to support the claim. One or more of these deficiencies precludes recovery under every civil rights statute which Uston invokes.

Though the defendants in this case may be innkeepers in the common law sense, they were not acting in that capacity in their dealings with Uston. The relationship was not one of innkeeper and patron, but rather one of casino owner and prospective gambler. The policies upon which the innkeeper's special common law duties rested are not present in such a relationship. *Flores v. Los Angeles Turf Club, Inc.*, 55 Cal.2d 736, 13 Cal.Rptr. 201, 361 P.2d 921 (1961); *People v. Licata*, 28 N.Y.2d 113, 320 N.Y.S.2d 53, 268 N.E.2d 787 (1971); *Madden v. Queens County Jockey Club, Inc.*, 296 N.Y. 249, 72 N.E.2d 697, *cert. denied*, 332 U.S. 761, 68 S.Ct. 63, 92 L.Ed. 346 (1947).

Uston's argument based upon contract law is devoid of merit.

AFFIRMED.