Arthur **RADCLIFF**, Plaintiff–Appellant,

v.

Bruce G. **LANDAU**; University of West Los Angeles; Perry M. Polski; Henry Blunt, Jr.; Lanny Wong, Defendants–Appellees.

No. 88–5517.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 1989.

Decided Aug. 31, 1989.

Arthur Radcliff, Pasadena, Cal., pro. per.

Michael P. Thomas, Irvine, Cal., for defendants-appellees.

Before SCHROEDER, FLETCHER and TROTT, Circuit Judges.

PER CURIAM:

Plaintiff–Appellant is proceeding pro se in this civil rights action alleging discrimination on the basis of race. The plaintiff's essential grievance is his alleged dismissal from the defendant University of West Los Angeles School of Law because of his race and his active participation in a black students' association. He sued the school, a professor and the school's officers. He admits to doing poorly in an examination, but he alleges that other students with similar academic records who were not black were not dismissed. Although he is not sophisticated in the law, and the legal bases for his claims are not clearly articulated, when it comes to expressing allegations of his perception of a rather disturbing incident which he alleges preceded the exam and his dismissal, he writes with considerable clarity. The following is taken from his complaint:

On or about the middle of October, 1986 Defendant (Landau professor in real property) read a leaflet he discovered on his lecturn while class was in session. The leaflet was an announcement concerning a meeting sponsored by B.A.L. S.A., after reading the leaflet Defendant Bruce Landau returned the leaflet to the lecturn. Some of the students inquired as to the meaning of the letters B.A.L. S.A. Defendant Bruce G. Landau went back to the lecturn and secured the leaflet saying, "I really didn't look to see who it was from." After that expression he reads from the leaflet saying, "The Black American Law Students Association." At this point being about six (6) feet from the lecturn, Defendant Landau then put the leaflet between his two fingertips (as if to say or imply the leaflet was diseased or nasty, filthy or trash, etc.) and released it from between his fingers. After falling to the floor, Defendant Bruce G. Landau trampled the leaflet under his foot shoving it under the lecturn.

The district court dismissed the complaint on the ground that the only basis alleged for federal jurisdiction was 42 U.S.C. § 1983 (1982), which creates a remedy when federal rights are violated under color of state law. The district court correctly ruled that because neither the school nor the professor were acting under color of state law, no redressable claim under that statute could be maintained.

Pro se complaints, however, are to be construed liberally and deficiencies are to be permitted to be corrected through amendment. *E.g., Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987). It appears that the plaintiff may be able to state a claim for relief under Title VI of the Civil Rights Act of 1964 which prohibits race discrimination in any program receiving federal funds:

No person in the United States shall, on the ground of race, color, or national

origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d (1982).

Schools accepting federal financial assistance must comply with the requirements of Title VI. *Lau v. Nichols,* 414 U.S. 563, 94 S.Ct. 786, 39 L.Ed.2d 1 (1974). The Supreme Court rejected the idea that "federal financial assistance" means only money paid directly to and spent by a school itself. *Grove City College v. Bell,* 465 U.S. 555, 563–70, 104 S.Ct. 1211, 1216–20, 79 L.Ed.2d 516 (1984). In *Grove City College,* the Court held that Basic Educational Opportunity Grants paid directly to students because of their enrollment at a school subjected the school to Title VI coverage. The Court in that case was interpreting Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681(a); rather than Title VI. However, the Court made clear that Title VI and Title IX should be treated identically for this purpose because Title IX was patterned after Title VI. *Id.* at 566. The Court acknowledged that "the drafters of Title VI envisioned that the receipt of student aid funds would trigger coverage." *Id.* (citing H.R.Rep. No. 914, 88th Cong., 1st Sess. 104–05 (1963); 110 Cong.Rec. 13,-388 (1964)). The Court also noted that the list of programs covered by regulations under Title VI includes Basic Educational Opportunity Grants and Guaranteed Student Loans. *Id.* at 566 n. 15 (citing 34 C.F.R. pt. 100 app. A (1983)). *See also Bob Jones Univ. v. Johnson,* 396 F.Supp. 597 (D.S.C.1974), *aff'd,* 529 F.2d 514 (4th Cir. 1975) (students' receipt of veterans' benefits subjected school to Title VI coverage).

■ The Supreme Court in *Grove City College* narrowly construed the phrase "program or activity." 465 U.S. at 570–75, 104 S.Ct. at 12119–22. However, Congress overruled the *Grove City College* decision's narrow reading by passing the Civil Rights Restoration Act of 1987, Pub.L. 100–259, 102 Stat. 28 (1988). The Act reinstates the broader concept of "program or activity" by adding to Title VI [1] an explicit definition for that phrase:

> For the purposes of this subchapter, the term "program or activity" and the term "program" mean all the operations of—
>
> .    .    .    .    .
>
> (2)(A) a college, university, or other postsecondary institution, or a public system of higher education ...
>
> .    .    .    .    .
>
> any part of which is extended Federal financial assistance.

42 U.S.C.A. § 2000d–4a (West Supp.1989). Receipt of federal financial assistance by any student or portion of a school thus subjects the entire school to Title VI coverage.

■ The appellant cites to the Act in his brief on appeal, and we believe he should be permitted to amend his complaint and attempt to establish a claim pursuant to it. It appears from this record that the defendant school is receiving federal assistance, since the plaintiff alleges that he himself received a federal grant for attendance at the school. Limited discovery on the issue may be appropriate as well in the event that the defendants dispute the applicability of Title VI.

The judgment of the district court is REVERSED and the matter REMANDED for further proceedings.

---

**1.** The Act had similar effects on Title IX, the Rehabilitation Act of 1973, and the Age Discrimination Act of 1975. *See* 20 U.S.C.A. § 1687 (West Supp.1989); 29 U.S.C.A. § 794 (West Supp.1989); 42 U.S.C.A. § 6107 (West Supp. 1989).