Arthur **RADCLIFF**, Plaintiff–Appellant,

v.

Bruce G. **LANDAU**; University of West Los Angeles; Perry M. Polski; Henry Blunt, Jr.; Lanny Wong, Defendants–Appellees.

No. 88–5517.

United States Court of Appeals, Ninth Circuit.

Nov. 21, 1989.

As Amended Dec. 27, 1989.

Before SCHROEDER, FLETCHER and TROTT, Circuit Judges.

In an opinion filed August 31, 1989, 883 F.2d 1481, we reversed the district court's judgment dismissing the action. We remanded the case for further proceedings, holding that on the basis of the record before us, plaintiff may be able to state a claim under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d *et seq.* dealing with discrimination in federally assisted programs. We remanded to permit plaintiff to amend the complaint. The appellees did not seek rehearing.

The district court, however, in a written communication to the Clerk of this Court dated September 6, 1989, advised that the appellant had been given an opportunity to amend its complaint prior to taking this appeal. It is unclear from the district court's letter whether it intends to permit the appellant further opportunity to amend. A copy of that letter, without the attachments from the district court record, is attached to this order.

Upon this court's careful review of the record, including the materials submitted to us by the district court, we conclude that the appellant has not yet been given the opportunity to amend the complaint to state a claim under Title VI. The opportunity the appellant was given, as reflected in the district court's tentative ruling, related to the possibility of amending the complaint to state claims under 42 U.S.C. §§ 1981–1986. The appellant chose to appeal instead. The record does not show that the plaintiff waived any opportunity to amend to state a violation of Title VI. To avoid any further misunderstanding, and in order to effectuate our holding that the appellant should be given the opportunity to amend the complaint to state a claim under Title VI a clarification is necessary.

It is ordered that the mandate in this case shall provide that the judgment of the district court is reversed, that the case is remanded to the district court, and, further that the district court is directed to permit the plaintiff to amend his complaint in order to state a claim for a violation of the provisions of Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d *et seq.*

The mandate shall issue forthwith. Appellant's request for attorney's fees on appeal is denied.

### ORDER

The Order Clarifying Mandate, filed November 21, 1989, is amended to include the missing attachment consisting of the district court's correspondence of September 6, 1989.

Ms. Cathy Catterson

Clerk of the Court

U.S. Court of Appeals

7th and Mission Street

Post Box 547

San Francisco, California 94101–0547

   Re: *Radcliff v. Landau, et al., 88–5517;*
      *USDC #CV 87–2466*

Dear Ms. Catterson:

Thank you for forwarding the opinion in the above-entitled case.

Although it may not always seem so, district judges do try to ease the work of

the appellate court. In this case, the appellant was granted to leave to amend in the trial court; the result of the appeal is the same. Enclosed is the clerk's minute order of December 14, 1987, reflecting the court's grant of leave to amend up to January 14, 1988. (The tentative ruling, attached to the minute order, had been to the contrary.)

Thereafter, Mr. Radcliff submitted a proposed order, attached to the minute order of December 23, 1987, wherein he expressed his desire to submit a "stipulation" to not amend and take an immediate appeal. The action was then dismissed.

As always, the appellate opinion in this case is most helpful for future reference; perhaps, however, the panel would appreciate being advised that the same relief had already been offered the plaintiff by the trial court order.

Thank you for your attention to this matter.

Very truly yours,
ALICEMARIE H. STOTLER
U.S. District Judge.

Enclosures (2)