950 P.2d 1156

**Gary Glen MULLENEAUX and Constance A. Mulleneaux, husband and wife; and Janac, Inc., Plaintiffs–Appellants,**

v.

**STATE of Arizona; State of Arizona, Office of the Attorney General, an agency of the State of Arizona; Grant Woods, Attorney General, both individually and in his official capacity; Michael C. Cudahy, Assistant Attorney General, both**

536

individually and in his official capacity, and Jane Doe Cudahy, husband and wife; City of Phoenix; City of Phoenix Police Department; Detective John Stahl, both individually and in his official capacity as an employee of the City of Phoenix, and Jane Doe Stahl, husband and wife, Defendants–Appellees.

No. 1 CA–CV 96–0286.

Court of Appeals of Arizona,
Division 1, Department C.

April 22, 1997.

Reconsideration Denied July 17, 1997.

Review Denied Feb. 18, 1998.*

---

* McGregor, J., did not participate in the determination of this matter.

Kimerer & LaVelle by Michael J. LaVelle and Merrick B. Firestone, Phoenix, for Plaintiffs–Appellants.

Grant Woods, Attorney General by John E. Birkemeier, Assistant Attorney General, Phoenix, for Defendants–Appellees State of Arizona.

Jones, Skelton & Hochuli by William R. Jones, Jr., Phoenix, for Defendants–Appellees City of Phoenix and Stahl.

## OPINION

KLEINSCHMIDT, Judge.

The Plaintiffs, Gary and Constance Mulleneaux, owned a corporation, Janac, Inc., that solicited funds by telephone on behalf of various organizations, among them, the Arizona Police Athletic Federation. The Phoenix police, alleging a belief that the Plaintiffs were engaged in fraudulent solicitation, executed a search warrant on the business and seized the corporation's computers, printers, payroll records and office supplies. As a result, Janac was forced to go out of business.

The Plaintiffs assert that the Defendants were not motivated by a sense of duty to enforce the law. Instead, they say, the Defendants were both jealous of Gary Mulleneaux, who was a former Phoenix police officer, for the money he was making and resentful of the fact that he was doing it by soliciting for organizations that were affiliated with the police. Accordingly, in July 1995, the Plaintiffs filed a complaint naming the State, the Attorney General's Office, the Attorney General, an Assistant Attorney General and his wife, the City of Phoenix, the Phoenix Police Department, an individual police detective and his wife and various unnamed individuals as defendants. The Plaintiffs later amended the complaint to allege three counts against the Defendants. In count one, the Plaintiffs alleged that the rights "secured to them by the constitution and the laws of the United States" had been violated giving rise to a claim under 42 U.S.C. § 1983. Count two was a claim for conversion of personal property. Count three asserted that the Defendants intentionally interfered with Janac's contracts and business relations.

In October 1995, the State of Arizona, the State of Arizona Office of the Attorney General, Attorney General Grant Woods and Assistant Attorney General Michael C. Cudahy and his wife moved to dismiss on four grounds: (1) failure to bring the claim within

180 days as required by Arizona Revised Statutes Annotated (A.R.S.) section 12–821.01 "regarding claims against public entities or public employees," (2) failure to comply with the one-year statute of limitations, (3) "failure to state a claim upon which relief [could] be granted," and (4) because "the Attorney General's Office is a non-jural entity." The City of Phoenix and Detective John Stahl and his wife answered the amended complaint in November 1995. They asserted several defenses including: (1) failure to state a claim and (2) failure to timely meet the filing requirements of A.R.S. sections 12–821 and 12–821.01.

The trial court dismissed the action for the following reasons: the entire action was dismissed as to the Attorney General's Office because it is a non-jural entity; count one, the § 1983 action, was dismissed as to all defendants on two grounds, first, it was not brought within the one-year statute of limitations as provided by A.R.S. section 12–821 and, second, the Plaintiffs failed to state a claim upon which relief could be granted; counts two and three were dismissed as to all Defendants because the Plaintiffs failed to comply with the time requirements of A.R.S. section 12–821.01, which requires claims to be brought against public entities or employees within 180 days of the accrual of the cause of action.

We will review the dismissal of count one first. The allegations in the amended complaint are considered true, and we will uphold the dismissal only if the facts susceptible of proof will support no ground for relief. *Weekly v. City of Mesa*, 181 Ariz. 159, 162, 888 P.2d 1346, 1349 (App.1994). We review legal issues *de novo*. *Id.* at 163, 888 P.2d at 1350. We will sustain the trial court's ruling if the result is correct even if the court's reasoning was not. *Mental Health Case No. MH 94–00592*, 182 Ariz. 440, 897 P.2d 742 (App.1995).

### THE DISMISSAL OF THE § 1983 CLAIM AGAINST THE STATE AND THE ATTORNEY GENERAL WAS PROPER

Count one is based on 42 U.S.C. § 1983 which provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

(1994). The Plaintiffs alleged that "all Defendants" acted under color of law to deprive "Plaintiffs of their rights, privileges, and immunities secured to them by the constitution and the laws of the United States."

■ The status of the defendant is critical when evaluating whether a claim has been stated under § 1983. The United States Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2321, 105 L.Ed.2d 45 (1989). Therefore, count one did not state a cause of action against the State of Arizona; the State of Arizona, Office of the Attorney General; Grant Woods, Attorney General in his official capacity; or Michael C. Cudahy, Assistant Attorney General in his official capacity.

### THE DISMISSAL OF THE § 1983 CLAIM AGAINST THE MUNICIPAL DEFENDANTS WAS PROPER

■ We next discuss the § 1983 claim as it relates to the City of Phoenix, the City of Phoenix Police Department and Detective John Stahl in his official capacity (Municipal Defendants). *See Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 3104–05, 87 L.Ed.2d 114 (1985) (suit against an officer in his official capacity is another way of pleading an action against the entity of which the officer is an agent). Municipalities and local governments are "persons" for purposes of a § 1983 action. *Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In order to state a claim for relief under a § 1983 against a municipality, two elements must be satisfied: first, the

harm must have been caused by a constitutional violation and, second, the municipality must be responsible for such constitutional violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992).

■ A municipality or municipal agency cannot be held liable under § 1983 on a *respondeat superior* theory. *Monell*, 436 U.S. at 690–94, 98 S.Ct. at 2035–38. A municipality, however, can be held liable under § 1983 if a policy or custom of the municipality caused the constitutional harm. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166, 113 S.Ct. 1160, 1162, 122 L.Ed.2d 517 (1993). " '[A] bare allegation that the individual officers' conduct conformed to official policy, custom, or practice' " will satisfy pleading requirements. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir.1988) (quoting *Shah v. County of Los Angeles*, 797 F.2d 743, 747 (9th Cir. 1986)). It follows that at a minimum the pleading must allege that a municipal policy or custom was responsible for the harm. The amended complaint failed to meet this liberal pleading requirement.

■ The amended complaint generally alleges that the Municipal Defendants acted "under color of state statute, regulation, custom, or usage" when they deprived the Plaintiffs of their rights. Nowhere in the complaint is there an allegation that the Municipal Defendants acted in compliance with or pursuant to a *municipal* policy or custom. *See id.* (court held that amended complaint stated a claim against municipality when it alleged action pursuant to official policy of city and police department in addition to action under color of state law). Therefore, the amended complaint did not state facts and allegations that satisfy both prongs of a § 1983 claim against the Municipal Defendants and count one against these Defendants was properly dismissed.

## THE DISMISSAL OF THE § 1983 CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS WAS NOT PROPER

■ We turn now to the sufficiency of the allegations of count one as they relate to the Attorney General, the Assistant Attorney General and his wife, and the Phoenix police detective and his wife (Individual Defendants). To state a claim against an individual, a plaintiff must allege that the person deprived him of a federal or constitutional right and acted under color of law in doing so. *Gomez v. Toledo*, 446 U.S. 635, 639–40, 100 S.Ct. 1920, 1923–24, 64 L.Ed.2d 572 (1980).

■ The complaint, read broadly, has alleged the deprivation of a constitutional right. A deprivation of a constitutional right is sufficiently pled in a § 1983 action if facts are alleged "which show a deprivation of a right, privilege or immunity secured by the Constitution or federal law...." *Lopez v. Department of Health Servs.*, 939 F.2d 881, 883 (9th Cir.1991). It is not necessary "to state the statutory or constitutional basis for" a claim as long as the underlying facts are present. *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1990), *cert. denied*, 504 U.S. 957, 112 S.Ct. 2306, 119 L.Ed.2d 227 (1992).

The amended complaint provides that "[a]ll of the Defendants acted in concert with one another and conspired with each other to deprive Plaintiffs of their rights ...," "the Defendants have acted in concert with one another and conspired with each other to forfeit and convert Plaintiffs' personalty," the "Defendants became dissatisfied with what they perceived to be the lucrative nature of the [Plaintiffs'] business," the "Defendants, acting in concert, formed an illegal scheme to put Plaintiff Janac out of business," the Defendants obtained a search warrant with the intent "to destroy the business affairs of Plaintiffs," the Defendants took property "which could not possibly be utilized as evidence" but was taken "to destroy the business affairs of Plaintiffs," and the Defendants kept the property of the Plaintiffs "thereby putting the business out of business."

The amended complaint sufficiently alleges that the Individual Defendants deprived the Plaintiffs of their constitutional rights. *See Bergquist v. County of Cochise*, 806 F.2d 1364 (9th Cir.1986) (execution of warrant in

unreasonable manner may present liability under § 1983); *Mann v. City of Tucson*, 782 F.2d 790 (9th Cir.1986) (substantive due process violated by unreasonable taking of property regardless of process by which taking is accomplished); *Uptown People's Community Health Servs. Bd. of Directors v. Board of Comm'rs of Cook County*, 647 F.2d 727, 734 (7th Cir.1981) ("[s]tate deprivation of property rights is cognizable under § 1983.") (citing *Lynch v. Household Finance Corp.*, 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972), *cert. denied*, 454 U.S. 866, 102 S.Ct. 328, 70 L.Ed.2d 167 (1981); *Robinson v. City of Seattle*, 119 Wash.2d 34, 830 P.2d 318 (1992) (property rights and personal liberties are within protection of § 1983), *cert. denied*, 506 U.S. 1028, 113 S.Ct. 676, 121 L.Ed.2d 598 (1992)). At a minimum, the amended complaint articulated a violation of the Plaintiffs' due process rights in their property.

We have also considered whether the conspiracy was pled with the requisite specificity. In *Hoffman v. Halden*, 268 F.2d 280, 294–95 (9th Cir.1959), *overruled on other grounds by Cohen v. Norris*, 300 F.2d 24, 29–30 (1962), the United States Court of Appeals for the Ninth Circuit held that an allegation that the defendants " 'did purposely and systematically and intentionally discriminate against plaintiff and subjected him to treatment in the following particulars which were not privileged or compelled by law ...' " was a sufficient pleading because:

> In what other way can plaintiff plead conspiracy? Certainly he is not required to list the place and date of defendants' meetings and the summary of their conversations. He should not be required here to plead his evidence.

*See also Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1126 (10th Cir.1994). In a later Ninth Circuit case, *Uston v. Airport Casino, Inc.*, 564 F.2d 1216 (9th Cir.1977), the court concluded that a complaint, deficient for a number of reasons, was also defective because in pleading conspiracy "the record [was] devoid of specific factual allegations to support the claim." 564 F.2d at 1217. In the case before us, the Plaintiffs have alluded to specific acts by the Defendants done with an improper intent which allegedly deprived

them of their rights. We conclude that the Plaintiffs pled conspiracy with the requisite specificity.

■ The court's other reason for dismissing the § 1983 count was that the Plaintiffs failed to comply with A.R.S. section 12–821 (Supp.1996), which requires actions against public entities or public employees to be brought within one year. However, on appeal the State, in its responsive brief, concedes that the one-year limitations period does not apply to federal claims under 42 U.S.C. § 1983. Indeed *Felder v. Casey*, 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988), appears to be controlling and indicates that Arizona's filing requirement is preempted as inconsistent with federal law. Therefore, count one was improperly dismissed as to the Individual Defendants on this basis.

## COUNTS TWO AND THREE WERE PROPERLY DISMISSED AS TO ALL PARTIES

Counts two and three were properly dismissed as to all parties. Arizona Revised Statutes section 12–821.01 provides:

> A. Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee ... within one hundred eighty days after the cause of action accrues.

Both the State and Municipal Defendants invoked this statute. The Plaintiffs failed to refute in their response to the Defendants' motion to dismiss, that section 12–821.01 bars these two counts and on appeal they do not challenge the application of that statute.

■ Finally, the Plaintiffs assert that it was error for the trial court to dismiss the action as to the Municipal Defendants as they did not join in the State's motion to dismiss. Dismissal of the claims against the Municipal Defendants was proper because they raised sufficient grounds in their answer to support dismissal. We do not address the issue of whether the Attorney General's Office is a jural entity for purposes of being

sued as we have disposed of the claims against it on other grounds.

## CONCLUSION

The order of the trial court dismissing count one as to the State of Arizona, the State of Arizona Attorney General's Office, the Attorney General in his official capacity, the Assistant Attorney General in his official capacity, the City of Phoenix, the City of Phoenix Police Department, and the police detective in his official capacity is affirmed. The order dismissing counts two and three as to all Defendants is affirmed. The order dismissing count one as to the Attorney General, the Assistant Attorney General and his wife and the police detective and his wife in their individual capacities is reversed. The case is remanded to the trial court for further proceedings.

GRANT, J., concurring.

THOMPSON, Presiding Judge, concurring in part, dissenting in part.

I agree with the majority's determination of this appeal except as to the conclusion that the amended complaint was pled with the requisite specificity. I am persuaded that a heightened pleading standard such as that adopted in *Elliott v. Perez*, 751 F.2d 1472 (5th Cir.1985) and applied to actions against government officials as individuals properly balances the interests of citizens with valid complaints of constitutional violations and of public officials who seek to discharge their duties appropriately. Applying such a standard, I would affirm the trial court's dismissal of this action *in toto*.

In *Elliott*, the Fifth Circuit viewed a confusing complaint alleging, in conclusory fashion, a series of constitutional violations arising out of a bewildering welter of machinations surrounding grand jury investigations into political corruption in Plaquemines County, Louisiana. *See* "Shenanigans in Plaquemines," 751 F.2d at 1473. In the face of "blunderbuss phrasing" of alleged constitutional claims, the court concluded that the legitimate interests which support the assertion of valid immunities of public officials were imperiled, and that the costs

in time, money, and deterrence and distraction from execution of public duty occasioned by ill-defined and conclusory allegations of constitutional breach created "An Absolute Need for Trial Courts to Demand Clear Pleading." 751 P.2d at 1476. While *Elliott* involved, as defendants, prosecutors and a judge who potentially enjoyed absolute immunity for their actions, the heightened pleading standard also applies to police officers, as to whom immunities may be qualified. 751 F.2d at 1477, nn. 12, 13; *Palmer v. City of San Antonio*, 810 F.2d 514, 516–17 (5th Cir.1987). The Fifth Circuit drew support for its heightened pleading requirement in § 1983 actions from the practices in numerous other circuits and jurisdictions. *Elliott*, 751 F.2d at 1479, nn. 19, 20.

The United States Supreme Court has not addressed the propriety of applying a heightened pleading standard to § 1983 actions brought against individuals, although it rejected such a standard regarding actions against municipalities in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). The Court rejected the Fifth Circuit's extension of its pleading doctrine to cases against municipal defendants on two bases: that the immunities of municipalities are not diminished by liberal pleading allowances because municipalities, "unlike various government officials," are not immune from § 1983 actions; and strict pleading requirements do not appear in the federal rules. 507 U.S. at 166–68, 113 S.Ct. at 1162–63. The Court noted that the *Leatherman* case afforded it "no occasion to consider whether our qualified immunity jurisprudence would require a heightened pleading in cases involving individual government officials." 507 U.S. at 166–67, 113 S.Ct. at 1162. Notwithstanding that disclaimer, at least one federal district court, in a § 1983 action brought against public officials both individually and in their official capacities, has read *Leatherman* to broadly preclude application of special pleading requirements to § 1983 cases. *Waldron v. Rotzler*, 862 F.Supp. 763, 768 (N.D.N.Y.1994).

542

The majority measures the sufficiency of the instant complaint by reference to *Hoffman v. Halden*, 268 F.2d 280 (9th Cir.1959), a case which does not consider or conspicuously adopt any particular standard of pleading. Indeed, the Fifth Circuit cited a later Ninth Circuit case, *Uston v. Airport Casino, Inc.*, 564 F.2d 1216 (9th Cir.1977) in support of its adoption of specificity requirements for civil rights actions. *See Elliott*, 751 F.2d at 1479, n. 20. *Uston* holds that merely "conclusory allegations of 'conspiracy,' [where] the record is devoid of specific factual allegations to support the claim" of constitutional violation, does not suffice. 564 F.2d at 1217. Conversely, the earlier case, *Hoffman*, seems to countenance conclusory allegations as to the existence of a conspiracy ("Hoffman also alleges the 'defendants conspired.' In what other way can Plaintiff plead conspiracy?" *Hoffman*, 268 F.2d at 294). While the Ninth Circuit has provided no clear signal as to the "height" of its standard for pleading civil rights cases, we are not in any event bound by its views on the subject. *See Alicia T. v. County of Los Angeles*, 222 Cal.App.3d 869, 271 Cal.Rptr. 513, 517 (1990) (California courts not bound by Ninth Circuit decision where federal circuits are in conflict on federal question).

It is clear, as may be gleaned from the excerpts from the amended complaint set forth by the majority, that the complaint does not meet the heightened pleading standard. A civil rights action should be specific in its factual allegations of constitutional violation ("we consistently require the claimant to state specific facts, not merely conclusory allegations," in § 1983 cases; *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 n. 27 (5th Cir.1993), quoting *Elliott* ), and, where defenses of immunity are likely, particular factual detail as to the unavailability of such defenses supplied. *Colle*, 981 F.2d at 246. This complaint does not recite specific facts, but "merely conclusory allegations." The majority says "the Plaintiffs have alluded to specific acts by the Defendants which allegedly deprived them of their rights." The only "specific acts" "alluded" to by Plaintiffs are the execution of a search warrant and the consequent seizure of property. Such conduct by police officers and prosecutors is not,

in itself, actionable. The allegations of the wrongfulness of Defendants' conduct are very broad and completely unsupported by any specific factual averments. Further, to "allude" is to "refer casually or indirectly," to "hint, intimate, suggest." Random House Dictionary of the English Language, Unabridged, 57 (2d ed.1987). Hints and intimations are not enough.

In his otherwise colorful exposition of the need for specific factual pleading in civil rights cases, Judge Brown wrote:

In view of the purposes of the immunity defense, as declared by the Supreme Court and this Court, we conclude that allowing broadly-worded complaints, such as those of the plaintiffs here, which leaves to traditional pretrial depositions, interrogatories, and requests for admission the development of the real facts underlying the claim, effectively eviscerates important functions and protections of official immunity.

*Elliott*, 751 F.2d at 1476. I agree.

Respectfully, I dissent from the majority's reversal of the trial court as to the sufficiency of the action against the individual defendants.