Michael MILLIGAN, Plaintiff—
Appellant,

v.

CITY OF CHANDLER; et al.,
Defendants—Appellees.

No. 04–15910.

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 2005.*

Decided April 7, 2005.

Michael Milligan, Chandler, AZ, pro se.

Michael G. Prost, Esq., AGAZ—Office of
the Arizona Attorney General, Susan
Linde Hable, Maricopa County Attorney's
Office, Division of County Counsel, Phoe-
nix, AZ, for Defendants–Appellees.

Before: KOZINSKI, HAWKINS, and
CLIFTON, Circuit Judges.

* The panel unanimously finds this case suitable
for decision without oral argument. See Fed.
R.App. P. 34(a)(2).

MEMORANDUM **

██ Michael Milligan appeals pro se the district court's summary judgment for defendants in his action against city, county, and state officials alleging that improper zoning citations issued against him and subsequent state court proceedings violated his constitutional rights and state tort law. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Noel v. Hall,* 341 F.3d 1148, 1154 (9th Cir.2003), and may affirm on any ground supported by the record, *Oscar v. Univ. Students Co-op. Ass'n,* 965 F.2d 783, 785 (9th Cir.1992).

The district court erred in concluding that the *Rooker–Feldman* doctrine barred the constitutional claims arising out of Milligan's state court proceedings because Milligan alleged that the defendants misrepresented facts so that an injunction would be issued against him. *See Noel,* 341 F.3d at 1163 (indicating that "where the federal plaintiff does not complain of a legal injury caused by a state court judgment, but rather of a legal injury caused by an adverse party, *Rooker–Feldman* does not bar jurisdiction.").

The district court also erred in concluding that Milligan failed to properly allege the elements of his constitutional claims, and to plead them under 42 U.S.C. § 1983. *Radcliff v. Landau,* 883 F.2d 1481, 1482 (9th Cir.1989) (pro se complaints are to be construed liberally and deficiencies are to be permitted to be corrected through amendment); *see also McCalden v. California Library Ass'n,* 955 F.2d 1214, 1223 (9th Cir.1990) (holding that it is not necessary to state the statutory or constitutional basis for a claim as long as the underlying facts are present).

██ We nevertheless affirm the district court's judgment. Milligan's state claims against the "public entity" defendants and their employees are untenable under Arizona's one-year statute of limitations because he failed to file a Notice of Claim within 180 days after the cause of action accrued. *See Mulleneaux v. State,* 190 Ariz. 535, 950 P.2d 1156, 1161 (Ct.App. 1997) (citing Ariz.Rev.Stat. § 12–821.01). Further, Milligan's constitutional claims are barred by *res judicata,* as they were raised in the earlier state court action, and a final judgment precludes parties from relitigating any issues connected with the action "that were or could have been raised in that action." *Rein v. Providian Fin. Corp.,* 270 F.3d 895, 898–99 (9th Cir. 2001).

All pending motions are denied.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.