115 P.3d 626

**Fox Joseph SALERNO,**
**Plaintiff/Appellant,**

v.

**P.M. ESPINOZA, Defendant/Appellee.**

**No. 1 CA–CV 04–0687.**

Court of Appeals of Arizona,
Division 1, Department A.

June 23, 2005.

Fox Joseph Salerno, Florence, Plaintiff/Appellant In Propria Persona.

Terry Goddard, Arizona Attorney General, By Michael G. Prost, Assistant Attorney

General, Phoenix, Attorneys for Defendant/Appellee.

## OPINION

EHRLICH, Judge.

¶1 In 2001, the superior court convicted Fox Joseph Salerno of theft, a class 3 felony, and sentenced him to twenty years' imprisonment. Three years later, Salerno filed a civil complaint, asserting a sentencing error based on alleged misconduct by P.M. Espinoza, who, in 2001, had served as the trial judge's deputy clerk. The superior court concluded that Arizona Revised Statutes ("A.R.S.") § 12–821.01 (2003) barred any action against Espinoza arising from the 2001 trial and, thus, dismissed Salerno's complaint. We affirm the dismissal.

## BACKGROUND

¶2 Espinoza was a deputy clerk of the Superior Court in Maricopa County and the clerk for the judge who presided over Salerno's 2001 trial. *See State v. Salerno,* CR2000–017362 (Maricopa Cnty.Super. Ct. May 28, 2001) (verdict). After convicting Salerno of theft as a class 3 felony, the court imposed the twenty-year prison term. *Id.* at Jul. 18, 2001 (sentence).

¶3 The degree of felony for the offense of theft, which determines the range of permissible sentence, depends on the monetary value of the stolen property. *See* A.R.S. § 13–1802(E) (Supp.1999) (degree of offense); A.R.S. § 13–604(C),(D) (Supp.1999) (applicable sentence). While deliberating about Salerno's case, the jurors prepared two written questions regarding this issue, namely, whether the law required either unanimity in their valuation or a specific value as opposed to a range of values.

¶4 Salerno contended in his complaint that, instead of presenting these questions to the judge, Espinoza surreptitiously answered the questions herself in a manner ensuring that the jury's verdict would be based on the greatest possible monetary value for the stolen property.[1] He also asserted that Espino-

za instructed the jurors not to disclose her interception and that she later falsified minute entries to conceal her misconduct.

## ANALYSIS

¶5 The superior court dismissed Salerno's complaint based on evidence suggesting that he had failed to provide a timely notice of his claim to the State of Arizona. *See, e.g., Mulleneaux v. State,* 190 Ariz. 535, 540, 950 P.2d 1156, 1161 (App.1997) (citing A.R.S. § 12–821.01). Because the court considered materials other than the pleadings, we review the matter as we would a summary judgment. *See, e.g., Unique Equip. Co. v. TRW Vehicle Safety Sys.,* 197 Ariz. 50, 52 ¶4, 3 P.3d 970, 972 (App.1999). Thus, we must afford Salerno the benefit of all reasonable inferences from the record, and we will reverse the dismissal of his complaint unless Espinoza is entitled to judgment as a matter of law. *Pritchard v. State,* 163 Ariz. 427, 432–33, 788 P.2d 1178, 1183–84 (1990).

¶6 We begin by analyzing the superior court's stated basis for dismissal, i.e., the statutory requirement that a person with a potential claim against a public employee must provide a timely notice of the claim to the relevant governmental entity:

> Persons who have claims against ... a public employee shall file claims with ... the public entity ... within one hundred eighty days after the cause of action accrues.

A.R.S. § 12–821.01(A). The statute bars the actions of those persons who fail to provide the required notice:

> Any claim ... not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

*Id.; see Mulleneaux,* 190 Ariz. at 540, 950 P.2d at 1161 (same).

¶7 We independently review whether A.R.S. § 12–821.01 applies to bar Salerno's complaint against Espinoza. *Martineau v. Maricopa County,* 207 Ariz. 332,

---

1. *But see State v. Salerno,* 1 CA–CR 01–0693, mem. dec. at ¶¶ 17–20 (Ariz.App. Oct. 15, 2002)(rejecting argument that written responses to jury's questions were incorrect legal statements) (*review denied* Feb. 11, 2003).

334 ¶ 9, 86 P.3d 912, 914 (App.2004). Because Salerno's complaint seeks monetary damages based on his allegations of a public employee's actions "within the course and scope of [her] employment,"[2] A.R.S. § 12–821.01 governs the viability of Salerno's action. *See Martineau,* 207 Ariz. at 335–37 ¶¶ 18–24, 86 P.3d at 915–17 (monetary damages);[3] *Crum v. Superior Court (Cutler),* 186 Ariz. 351, 352–53, 922 P.2d 316, 317–18 (App.1996) (course and scope of employment).[4] Compliance with the notice provision of § 12–821.01(A) is a "mandatory" and "essential" prerequisite to such an action, *see, e.g., Martineau,* 207 Ariz. at 334 ¶ 10, 86 P.3d at 914 (citing *Pritchard,* 163 Ariz. at 432, 788 P.2d at 1183), and a plaintiff's failure to comply "bars *any* claim." *W. Corr. Group, Inc. v. Tierney,* 208 Ariz. 583, 585 ¶ 7, 96 P.3d 1070, 1072 (App.2004) (emphasis added).

■ ¶ 8 Salerno admits that he did not present the State with a timely notice of his claim. *See State Comp. Fund v. Superior Court (EnerGCorp, Inc.),* 190 Ariz. 371, 376, 948 P.2d 499, 504, (App.1997) ("[N]o action may be maintained when a plaintiff has failed to file a timely, sufficient notice of claim ... with a person authorized by the Arizona Rules of Civil Procedure to accept service for the defendant agency."). Additionally, on the second page of his reply brief, Salerno concedes that if a deputy clerk of the superior court is a state employee rather than an employee of the county in which the particular judge or courthouse is situated, we must affirm the dismissal of his complaint. *Cf. Blauvelt v. County of Maricopa,* 160 Ariz. 77, 80, 770 P.2d 381, 384 (App.1988) (affirming

dismissal because of plaintiff's "fail[ure] to direct his claim to the proper party").

¶ 9 Existing Arizona authority clearly demonstrates that a deputy clerk of the Superior Court of Arizona is an employee of the State of Arizona. Each such deputy clerk is appointed by the Clerk of the Superior Court, A.R.S. § 12–283(D) (2003), and the Arizona supreme court has noted that,

> in light of the fact that the office of Clerk of the Superior Court is created in Article VI which is concerned with the Judicial Department ... the office of Clerk of the Superior Court is a part of the judicial branch of government.

*Roylston v. Pima County,* 106 Ariz. 249, 250, 475 P.2d 233, 234 (1970). This holding is bolstered by the repeated pronouncement by the supreme court that the Arizona "superior court is not a system of jurisdictionally segregated departments but rather a 'single unified trial court of general jurisdiction.'" *State v. Marks,* 186 Ariz. 139, 142, 920 P.2d 19, 22 (App.1996) (quoting *Marvin Johnson, P.C. v. Myers,* 184 Ariz. 98, 102, 907 P.2d 67, 71 (1995)). *See also Goff v. Superior Courts (Robinson),* 2 Ariz.App. 344, 346, 409 P.2d 60, 62 (1965) ("[T]here is ... a single superior court in the State of Arizona composed of all of the judges in every county.") (citing *Sil–Flo Corp. v. Bowen,* 98 Ariz. 77, 82, 402 P.2d 22, 26 (1965)). *See also McDonald v. Campbell,* 169 Ariz. 478, 484–85, 821 P.2d 139, 145–46 (1991) (employees of judicial department are state employees) (Holohan, J., concurring).

¶ 10 Despite the Arizona Legislature's delegation of some authority over judicial employees to the supervisors of the various

---

**2.** *See, e.g., Perkins v. Komarnyckyj,* 172 Ariz. 115, 117–18, 834 P.2d 1260, 1262–63 (1992) ("[E]ven if the trial judge has no intention of responding to the jury, and does not respond, the judge must still inform the parties of the communication and allow the parties to voice their positions or concerns for the record."); *see also State v. Stone,* 122 Ariz. 304, 310, 594 P.2d 558, 564 (App.1979) (acknowledging clerk's statutory duty to keep the court's minutes).

**3.** *See also Johnson v. Superior Court (Ahanonu),* 158 Ariz. 507, 508, 763 P.2d 1382, 1383 (App. 1988) ("The purposes of the statute were to provide notice to the state and an opportunity to investigate and assess its liability, to permit the

possibility of settlement prior to litigation, and to assist in fiscal planning or budgeting.").

**4.** "A wrongful act committed by an employee while acting in his employer's business does not take the employee out of the scope of employment, even if the employer has expressly forbidden the act." *Ortiz v. Clinton,* 187 Ariz. 294, 299, 928 P.2d 718, 723 (App.1996). "The question is whether at the time the injury occurred the employee was performing a service in furtherance of his employer's business, not whether it was done in a manner exactly as the employer prescribed." *Id.*

counties, a grant of "ministerial regulation" does not change the ultimate authority over employees of the Arizona Judicial Department:

We believe that it was not the intent of the legislature in enumerating the office of Clerk of the Superior Court as a county office in [A.R.S.] § 11–401 to remove that office from the supervisory control of the judiciary. If the judiciary has the power under Article VI, § 23 to provide for the powers and duties of the Clerk of the Superior Court it necessarily follows that the judiciary has the power to supervise the operation of that office.

*Roylston,* 106 Ariz. at 250, 475 P.2d at 234. Likewise, a particular governmental entity's statutory obligation to provide funds for employee salaries is immaterial.

[T]he supreme court [has] held that city magistrates are part of the judicial department of the [S]tate and are not employees of the city even though the city pays their salary. Thus, the fact that the county subsidizes the salaries of probation officers is not determinative of the issue.

*State v. Pima County Adult Prob. Dep't,* 147 Ariz. 146, 149, 708 P.2d 1337, 1340 (App.1985) (citing *Winter v. Coor,* 144 Ariz. 56, 695 P.2d 1094 (1985)).

¶ 11 We therefore hold that deputy clerks of the Superior Court of Arizona are "officers, agents, and employees of the judicial department of the [S]tate." *Id.* Because Salerno's complaint concerns Espinoza's actions in the course and scope of her employment as a deputy clerk, A.R.S. § 12–821.01 requires that he have given timely notice of his claim to the State of Arizona. *Crum,* 186 Ariz. at 352, 922 P.2d at 317; *EnerGCorp,* 190 Ariz. at 376, 948 P.2d at 504; *Blauvelt,* 160 Ariz. at 80, 770 P.2d at 384. Given his admitted failure to do so within the applicable time-limit, § 12–821.01(A) bars any and all claims by Salerno against Espinoza based on any alleged action by her during his 2001 criminal trial.

## CONCLUSION

¶ 12 We affirm the dismissal of Salerno's April 14, 2004 complaint for its failure to state a viable claim.

CONCURRING: DANIEL A. BARKER, Presiding Judge, and MAURICE PORTLEY, Judge.

