NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SHAWNTELLE ALLEN, *Plaintiff/Appellant*,

*v.*

SCF NATIONAL INSURANCE COMPANY; RALPH MORRIS,
*Defendanst/Appellees.*

No. 1 CA-CV 14-0058
FILED 6-23-2015

Appeal from the Superior Court in Maricopa County
No. CV2013-007120
The Honorable Katherine Cooper, Judge

**REVERSED AND REMANDED**

COUNSEL

Mandel Young PLC, Phoenix
By Taylor C. Young, Robert A. Mandel
*Counsel for Plaintiff/Appellant*

Sanders & Parks, P.C., Phoenix
By Mark Worischeck, Nicholas A. Bender
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Maurice Portley joined.

---

T H O M P S O N, Judge:

¶1	Shawntelle Allen (Allen) appeals from the trial court's judgment dismissing her complaint against SCF National Insurance Company (SCF National) and Ralph Morris (Morris) pursuant to Arizona Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)). For the following reasons, we reverse the decision of the trial court and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

¶2	Allen was working at St. Vincent de Paul Society (St. Vincent) in January 2011 when a refrigerator fell on her and injured her leg and shoulder. She filed a workers' compensation claim. SCF National was the issuer of St. Vincent's workers' compensation insurance, and Morris was the adjuster in charge of processing Allen's claim. SCF National initially accepted Allen's claim, made payments to her for temporary compensation, and paid for her medical treatment.

¶3	In September 2011, however, SCF National issued two notices of claim status 1) terminating Allen's temporary compensation and active medical treatment, and 2) determining that her injury had resulted in a five percent functional loss of her right lower extremity, a permanent disability which SCF National determined to be worth $1864.13 as payment in full. Allen protested the notices. A hearing was scheduled before the Industrial Commission of Arizona in October 2012, but on the day of the hearing the administrative law judge (ALJ) issued a decision declaring the protested notices cancelled. The ALJ noted: "The defendant insurance carrier will rescind [the] protested notices and reinstate benefits which resolves the issues which were to be considered at the hearing." SCF National then reinstated Allen's benefits retroactive to September 2011.

¶4	In 2012, the Arizona legislature privatized SCF Arizona. *See* Ariz. Rev. Stat. (A.R.S.) § 41-3012.19 (2011). SCF Arizona's assets and liabilities, presumably including SCF National, were transferred to the

private successor mutual company effective January 1, 2013. 2010 Ariz. Sess. Laws, Ch. 268, § 4(D) (2d Reg. Sess.)[1]

¶5          In May 2013, Allen filed a complaint in superior court against SCF National and Morris (appellees) for breach of the duty of good faith and fair dealing as to the handling of her workers' compensation claim. She did not file a notice of claim.

¶6          Appellees filed a Rule 12(b)(6) motion to dismiss the complaint, arguing that Allen failed to file a notice of claim pursuant to A.R.S. § 12-821.01(A) (2003), that she could not bring a separate claim against Morris, and that they were immune from Allen's punitive damages claim. After oral argument, the trial court granted the motion to dismiss, finding that Allen's failure to file a notice of claim was dispositive. Allen timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101 (A)(1) (Supp. 2014).

## DISCUSSION

¶7          When reviewing the trial court's judgment granting a Rule 12(b)(6) motion to dismiss, we view the facts alleged in the complaint as true and will uphold the dismissal "only if [the] plaintiff would not be entitled to relief under any facts susceptible of proof under the claim stated." *Mattison v. Johnston*, 152 Ariz. 109, 114, 730 P.2d 286, 291 (App. 1986) (citation omitted). We review the legal issues under a de novo standard of review. *Mulleneaux v. State*, 190 Ariz. 535, 538, 950 P.2d 1156, 1159 (App. 1997) (citation omitted).

¶8          The issue presented in this case is whether A.R.S. § 12-821.01 required Allen to file a notice of claim. Allen argues that the trial court erred by dismissing her complaint because SCF National was not a public entity when her notice of claim was due (April 10, 2013, the date 180 days

---

[1] Section 4(D) provides, in part: "The successor mutual insurer corporation is responsible for the obligations of the state compensation fund to the same extent as though incurred originally by the mutual insurer corporation . . . . The successor mutual insurer corporation is not an agency of this state or a public entity of this state. The successor mutual insurer corporation shall not use the term 'state compensation fund' or 'SCF' in its new name or logo from and after June 30, 2014."

after her claims accrued on October 12, 2012).[2]  Allen asserts "[a]ny public entity status that SCF National formerly possessed was extinguished before Allen's notice of claim would have otherwise been due."  Appellees contend that Allen's obligation to file a notice of claim arose on October 12, 2012, when SCF National was still a public entity.

¶9          Arizona's notice of claim statute, A.R.S. § 12-821.01, provides, in relevant part:

> **A.**  Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues.  The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed.  The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount.  Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

The notice of claim statute "allow[s] the public entity to investigate and assess liability, . . . permit[s] the possibility of settlement prior to litigation, and . . . assist[s] the public entity in financial planning and budgeting." *Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 527, ¶ 9, 144 P.3d 1254, 1256 (2006).  Thus, the notice of claim statute is designed to protect public entities and the public treasury.  *See Martineau v. Maricopa County*, 207 Ariz. 332, 335-36, ¶ 19, 86 P.3d 912, 915-16 (App. 2004)  (citation omitted).

¶10          As the trial court acknowledged, this case is unusual.  At the time Allen's claim accrued, SCF National was a public entity.  During the 180 day period for filing a notice of claim, SCF National and its parent company, SCF Arizona, ceased to be public entities, and their obligations passed to "successor" corporations.  And, at the time Allen's notice of claim was due, SCF National had ceased to exist.

---

[2] Appellees "accept[ ] for purposes of this appeal the October 12, 2012 accrual date that Allen . . . puts forward . . . ."

¶11    The trial court based its decision on *Nored v. City of Tempe*, 614 F. Supp.2d 991 (D. Ariz. 2008). Nored sued the City of Tempe and a city police officer after the officer allegedly physically assaulted her in the scope and course of his employment. *Id.* at 992. Nored served the city with a notice of claim, but did not individually serve the officer, who was no longer a city employee, with a notice of claim. *Id.* The officer moved to dismiss the state law claims against him because Nored failed to comply with A.R.S. § 12-821.01. Concluding that the officer was a public employee at the time of the events giving rise to the complaint, the magistrate judge dismissed Nored's state law claims. *Id.* at 998. The magistrate judge rejected Nored's argument that she need not have served the officer with a notice of claim because he was not a public employee at the time she served her notice of claim on the city. *Id.* The court reasoned that a "public employee" is an individual who was an employee at the time of the events giving rise to the complaint, because otherwise "the individual's actions would not implicate the public entity's liability." *Id.* at 997-98. This case presents a different situation. Here, a public entity, SCF National, ceased to exist.[3] In *Nored*, the officer left city employment during the relevant time period, but he did not cease to exist as a person who could be served with a notice of claim.

¶12    Both sides argue that the plain language of the notice of claim statute supports their position. The statute applies to "[p]ersons who have claims against a public entity . . . ." It does not follow that the statute would bar Allen's claims when SCF National was dissolved well in advance of expiration of the notice of claim period. Even if Allen's claims were once claims against a public entity, they became claims against a private entity not subject to the strictures of the notice of claim statute.

¶13    Because we decide that Allen was not required to file a notice of claim, we need not consider her argument that the trial court should have applied the doctrine of equitable tolling to permit her to file a delayed notice of claim.

---

[3] In *State Compensation Fund v. Superior Court*, 190 Ariz. 371, 376, 948 P.2d 499, 504 (App. 1997), we held that the state compensation fund was a public entity subject to the claims statute, but we noted, "[t]he creation of the compensation law and the compensation fund therein was legislative. That department could destroy its creature if it so chose . . . ." (quoting *Sims v. Moeur*, 41 Ariz. 486, 493, 19 P.2d 679, 681 (1933)).

**¶14**        Both sides request costs and attorneys' fees on appeal pursuant to A.R.S. §§ 12-341, 12-341.01 (2003).  We decline to award fees. There is at this time no successful party.

## CONCLUSION

**¶15**        For the foregoing reasons, we find that Allen was not required to file a notice of claim.  We reverse the decision of the trial court and remand for further proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
FILED: ama