NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

DENNIS ANDREW BALL, *Plaintiff/Appellant*,

*v.*

MARICOPA COUNTY, et al., *Defendants/Appellees*.

No. 1 CA-CV 15-0587
FILED 12-6-2016

---

Appeal from the Superior Court in Maricopa County
No. CV2015-000768
The Honorable Colleen L. French, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Dennis Andrew Ball, Marion, Illinois
*Plaintiff/Appellant*

Maricopa County Attorney's Office, Phoenix
By Joseph J. Branco, Maxine S. Mak
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Mark R. Moran[1] delivered the decision of the Court, in which Acting Presiding Judge Samuel A. Thumma and Judge Margaret H. Downie joined.

---

**M O R A N**, Judge:

¶1        Plaintiff Dennis Andrew Ball appeals a final judgment dismissing his complaint against Defendants Maricopa County (the "County") and the Maricopa County Board of Supervisors (the "BOS") for failure to state a claim upon which relief can be granted. We reject Ball's argument that the BOS (and, vicariously, the County) owed him a duty, and, therefore, affirm the trial court's order dismissing his claims.

### FACTS[2] AND PROCEDURAL HISTORY

¶2        In 2004, the Maricopa County Superior Court (the "Superior Court") appointed Southwest Fiduciary, Inc. ("SFI") as the guardian and conservator for Ball's mother; SFI continued in that role until her death in 2006. According to Ball, SFI failed to manage his mother's assets for her benefit, resulting in loss and waste of her estate. In April 2011, Ball sued SFI and others in federal court based on an alleged conspiracy to defraud his mother and those defendants' "unlawful actions during the time of their appointment."

¶3        In May 2015, Ball filed this action claiming the BOS breached a "duty of public trust" by failing to properly supervise the Superior Court, and, thus, the County was vicariously liable for the acts and omissions of the BOS. Ball alleged that he became aware in February 2014 of the role the BOS played in causing his injuries, which included the loss of his interest in his mother's estate after her death.

---

[1]The Honorable Mark R. Moran, Judge of the Arizona Superior Court, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2]We will "assume the truth of the well-pled factual allegations and indulge all reasonable inferences therefrom." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7, 189 P.3d 344, 346 (2008).

¶4        The BOS and the County moved to dismiss for failure to state a claim upon which relief can be granted under Arizona Rule of Civil Procedure 12(b)(6). The trial court granted the motion and denied Ball's motion for a new trial. The trial court then entered a final judgment. *See* Ariz. R. Civ. P. 54(c) ("A judgment shall not be final unless the court states that no further matters remain pending and that the judgment is entered pursuant to 54(c)."). Ball timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) (2016) (a party may appeal a final judgment).[3]

## DISCUSSION[4]

¶5        A motion to dismiss for failure to state a claim may be granted if the plaintiff is not entitled to relief "under any facts susceptible of proof in the statement of the claim." *ELM Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 289, ¶ 5, 246 P.3d 938, 940 (App. 2010) (quoting *Mohave Disposal, Inc. v. City of Kingman*, 186 Ariz. 343, 346, 922 P.2d 308, 311 (1996)). We review de novo the trial court's decision to dismiss a complaint. *Orca Commc'ns Unlimited, LLC v. Noder*, 236 Ariz. 180, 181, ¶ 6, 337 P.3d 545, 546 (2014) (citation omitted). We may affirm a superior court's order dismissing a claim if the dismissal was correct for any reason. *Sw. Non-Profit Hous. Corp. v. Nowak*, 234 Ariz. 387, 391, ¶ 10, 322 P.3d 204, 208 (App. 2014).

¶6        To establish a claim for negligence, a plaintiff must prove a duty requiring the defendant to conform to a standard of care, a breach by the defendant, a causal connection between the defendant's conduct and

---

[3]This statute has not been amended since Ball filed his suit in May 2015. Thus, we cite to its current version.

[4]The opening brief does not comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(a) because, for example, it does not contain a table of contents, a table of citations, a statement of the case, a statement of the issues, or a conclusion. Unless the briefing is "totally deficient," however, we prefer to decide a case on its merits rather than on procedural grounds. *See Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342, 678 P.2d 525, 527 (App. 1984). Recognizing it is not our duty to develop arguments not clearly presented, *see Ace Auto. Prods., Inc. v. Van Duyne,* 156 Ariz. 140, 143, 750 P.2d 898, 901 (App. 1987) (citation omitted), we will consider the merits of Ball's arguments as best we can discern them, *see In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6, 309 P.3d 886, 888-89 (2013).

the resulting injury, and damages. *Gipson v. Kasey*, 214 Ariz. 141, 143, ¶ 9, 150 P.3d 228, 230 (2007) (citations omitted). Whether a defendant owes the plaintiff a duty is a threshold issue; if a defendant owes no duty, the negligence claim cannot be maintained. *Id.* at 143, ¶¶ 9, 11, 150 P.3d at 230. Whether a duty exists is a question of law that we review de novo. *Sullivan v. Pulte Home Corp.*, 237 Ariz. 547, 549, ¶ 6, 354 P.3d 424, 426 (App. 2015) (citation omitted).

**¶7** Ball claims that the BOS (and, vicariously, the County) breached a duty to supervise judicial officers of the Superior Court, essentially seeking to impute to the BOS the alleged malfeasance of others that deprived him of his "rightful inheritance." Ball's claim fails because the BOS cannot exercise supervisory power over the Superior Court. *See Hernandez v. Maricopa Cty.*, 138 Ariz. 143, 146, 673 P.2d 341, 344 (App. 1983) (superior court is part of the judicial branch, not the executive branch; the BOS of Santa Cruz County had no right to control the activities of the Santa Cruz Superior Court) (citation omitted); *see generally Mann v. Maricopa Cty.*, 104 Ariz. 561, 566, 456 P.2d 931, 936 (1969) (judicial branch supervises employees of the judicial department). Ball's claims that judicial officers are paid by the County does not alter the analysis or outcome. *See Salerno v. Espinoza,* 210 Ariz. 586, 588-89, ¶¶ 10-11, 115 P.3d 626, 628-29 (App. 2005) (a governmental entity's statutory obligation to provide funds for employee salaries of another governmental entity's employees does not alter the conclusion that the judicial branch oversees employees of the judicial department) (citation omitted). Ball cannot prove that the BOS (and, vicariously, the County) had a duty to supervise judicial officers of the Superior Court. Therefore, the trial court properly dismissed his claims.

## CONCLUSION

**¶8** For the foregoing reasons, we affirm the trial court's order dismissing Ball's claims. We award costs to the BOS and the County upon their compliance with ARCAP 21.

