737 P.2d 400

The STATE of Arizona, Appellant,

v.

Velia FRANCO, Appellee.

No. 2 CA–CR 4682.

Court of Appeals of Arizona, Division 2, Department A.

Feb. 26, 1987.

Review Denied May 27, 1987.

Joe Albo, Jr., Gila Co. Atty., Globe, for appellant.

Robert Duber II, Globe, for appellee.

## OPINION

HATHAWAY, Chief Judge.

The state appeals the superior court's order granting appellee Velia Franco's Petition for Entry of Clearance on Record. We reverse.

Franco was arrested on August 20, 1977, after a police officer stopped her in her vehicle. She was issued a citation for driving while intoxicated and, on September 1, 1977, she was also indicted on a charge of unlawful possession of marijuana. The arresting officer testified at the grand jury proceedings that he smelled the odor of alcohol on Franco's breath and the odor of marijuana when she opened her car door. Further search revealed a small quantity of marijuana in her possession.

The felony possession charge was dismissed by the state pursuant to a plea agreement, whereby Franco pled guilty to the misdemeanor DWI charge, paid a fine and paid a portion of the costs of prosecution. Eight years later, Franco filed a petition, pursuant to A.R.S. § 13–4051, seeking an order that a clearance notation be entered on her official record as to the dismissed felony marijuana possession charge. The petition was opposed by the state and, after hearing argument from counsel, the court entered its order granting Franco's request.

On appeal, the state argues that the judge misapplied the statute and that Franco was not entitled to the relief granted. A.R.S. § 13–4051 provides:

A. Any person who is wrongfully arrested, indicted or otherwise charged for any crime may petition the superior court for entry upon all court records, police records and any other records of any other agency relating to such arrest or indictment a notation that the person has been cleared.

B. After a hearing on the petition, if the judge believes that justice will be served by such entry, the judge shall issue the order requiring the entry that the person has been cleared on such records, with accompanying justification therefor, and shall cause a copy of such order to be delivered to all law enforcement agencies and courts. The order shall further require that all law enforcement agencies and courts shall not release copies of such records to any person except upon order of the court.

C. Any person who has notice of such order and fails to comply with the court order issued pursuant to this section shall be liable to the person for damages from such failure.

The state argues that an order of clearance under § 13–4051 requires some proof that the person was "wrongfully" arrested or charged. The state interprets the term "wrongfully" to mean "illegally" or "unlawfully." We agree with the state's argument.

In 1973, the legislature passed the statute "to prescribe authority for ... the removal of the names of persons wrongfully arrested or indicted from police and court records." Laws 1973, Ch. 126, § 1. In 1976, the statute was amended to delete the requirement that a petitioner obtain "a written statement from the prosecuting attorney that such person will not be prosecuted in connection with such crime...." Laws 1976, Ch. 154, § 2.

Here, the appellee's petition set forth the conclusive language of the statute, that she was wrongfully arrested and indicted, but stated only that the existence of the arrest and indictment on her record prevented her from enrolling in the Arizona Law Enforcement Officers' Training Program. No evidence was presented at the hearing on the petition. The petition was opposed by the state, the court heard arguments of counsel and ruled by under-advisement order. The order does not, as A.R.S. § 13–4051(B) requires, recite any justification for granting relief, and from

426

the record before us we find no justification. There is no evidence that appellee was wrongfully arrested or that she was wrongfully indicted.

■ We believe the legislature intended A.R.S. § 13–4051 to apply only in cases where the court finds that the petitioner was wrongfully charged with a crime in that either there was no legal basis for the arrest, or no legal or factual basis for the charge, or where the parties so stipulate. Nothing in this case supports either conclusion about appellee's arrest or indictment. Appellee contends that the term "wrongfully" may also mean "unjustly." Even assuming that this interpretation were correct, we do not find that appellee was unjustly arrested or indicted.

Appellee correctly sets forth in her brief the law regarding the trial court's general discretion and the standard of appellate review applicable to orders made within the court's discretion. We find in this case that the trial court's order is not supported by any evidence and, therefore, constitutes a clear abuse of discretion.

Finally, we note that appellee's arrest and case record itself will contain a disposition report showing the dismissal of the felony charge and the absence of a conviction for that crime for which the statute of limitations to prosecute has expired. It may be true that not all of society finds the difference between arrest or charge and actual conviction to be as meaningful as the law regards that distinction, but the statute here clearly defines those situations when a clearance may be ordered and none applies to the facts of this case.

The order of the superior court is reversed with directions to enter an order denying relief to appellee on her petition for entry of clearance.

HOWARD, P.J., and FERNANDEZ, J., concur.