NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

HAMZA BENDERRA, *Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA, *Defendant/Appellee*.

No. 1 CA-CV 17-0134
FILED 3-15-2018

Appeal from the Superior Court in Yavapai County
No.  P1300CV201500866
The Honorable David L. Mackey, Judge

**AFFIRMED**

COUNSEL

Attorneys for Freedom Law Firm, Chandler
By Marc J. Victor, Andrew C. Marcantel
*Counsel for Plaintiff/Appellant*

Yavapai County Attorney's Office, Yavapai
By Steven John Sisneros, Benjamin D. Kreutzberg
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge James B. Morse Jr. joined.

---

**J O N E S**, Judge:

¶1　　　　Hamza Benderra appeals the superior court's order denying his petition to clear his arrest record pursuant to Arizona Revised Statutes (A.R.S.) § 13-4051.[1]　For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2　　　　On July 30, 2015, a Yavapai County Sheriff's Office deputy performed a traffic stop on a vehicle that did not have a license plate.　The deputy noticed a paper hanging in the back window, but could not see its contents because of the window's heavy tint.　When asked to provide his driver's license and the vehicle's registration, the driver, Benderra, presented a New Mexico driver's license and a bill of sale for the vehicle indicating he had purchased it one day earlier.　The deputy asked Benderra about his travel plans, and Benderra explained he was traveling to California to purchase candy and gum for his grocery store.　When asked if he was traveling with a large amount of money, Benderra stated he had $5,000 in cash.

¶3　　　　Benderra consented to a search of his vehicle, and the deputy, trained as a drug interdiction officer, found: two glass pipes containing a burnt residue; ten vials containing small quantities of what the deputy suspected was synthetic marijuana commonly referred to as spice; and approximately $30,000 in cash.　The cash was divided into two stacks — one containing approximately $5,000 and one containing approximately $25,000 — and bound by rubber bands.　A trained drug-detection dog alerted to the area where the money had been in the vehicle, and, in a separate test, alerted to the money itself.

¶4　　　　After the search, Benderra explained he intended to use the additional $25,000 to purchase a box truck for his store, which, after more

---

[1]　　　Absent material changes from the relevant date, we cite a statute's current version.

questioning, Benderra admitted was not a grocery store, but rather a smoke shop that sold pipes, hookahs, and smoking accessories. Benderra also admitted the burnt residue in the pipes was spice for his personal use. The deputy arrested Benderra on suspicion of money laundering, possession of drug paraphernalia, and possession of illegal drugs.

¶5      The State sent one of the ten vials retrieved from Benderra's vehicle to be tested, but the sample was too small to produce a conclusive result. The police also confiscated Benderra's cell phone, which contained hundreds of text messages that could not be immediately read because they were in Arabic.

¶6      Three months after his arrest, Benderra petitioned the superior court to clear his arrest record. The State objected, arguing it had not yet completed its investigation and still needed to translate the text messages on his cell phone. The court denied Benderra's petition but advised he could file a new petition after July 29, 2016. An interpreter subsequently reviewed the text messages but found nothing relevant to the investigation. The State never formally charged Benderra, and he ultimately recovered all the property confiscated during the arrest.

¶7      Benderra again petitioned the superior court for a clearance notation. At a hearing on his petition, Benderra stipulated to the facts presented by the State but did not present any evidence of his own. He then argued his record should be cleared because the State never filed formal charges against him and failed to prove he committed a crime at the hearing.

¶8      The superior court denied Benderra's second petition to clear his arrest record after finding the failure to charge him after an arrest did not make the arrest wrongful and that justice would not be served by granting his petition. Benderra timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶9      Pursuant to A.R.S. § 13-4051(A), "[a]ny person who is wrongfully arrested . . . for any crime may petition the superior court for entry on all court records, police records and any other records of any other agency relating to such arrest . . . a notation that the person has been cleared." "After a hearing on the petition, if the judge believes that justice will be served by such entry, the judge shall issue the order requiring the entry that the person has been cleared on such records." A.R.S. § 13-4051(B). We review a ruling on a petition for entry of clearance for an abuse

3

of discretion and defer to the trial court regarding any factual findings. *See State v. Mohajerin*, 226 Ariz. 103, 108, ¶ 18 (App. 2010).

**¶10** As used in A.R.S. § 13-4051, the term "wrongfully" encompasses not only unlawful and illegal arrests, but also arrests "characterized by unfairness or injustice." *Mohajerin*, 226 Ariz. at 107-08, ¶¶ 11-17. To determine whether an arrest is "wrongful," the trial court must consider not only whether probable cause existed at the time of the arrest, but also whether the petitioner was factually innocent of the crimes for which he was arrested. *Id.* at 109, ¶ 19.

**¶11** Benderra argues he was indeed innocent of money laundering, possession of drug paraphernalia, and possession of spice. However, he provided no evidence to support this assertion at the hearing. Instead, he argued only that relief was warranted because the State failed to indict him. Benderra renews this argument on appeal and asserts the State could defeat his petition for a clearance notation only through presentation of "a prima facie case in violation of any specific criminal statute." We find no support for this contention.

**¶12** First, nothing in A.R.S. § 13-4051 requires the State to put on a criminal trial in defense of a person's petition to clear his record. To the contrary, the petitioner bears the burden of proof and must present "sufficient evidence for the trial court to conclude his arrest [was] wrongful." *Mohajerin*, 226 Ariz. at 110, ¶ 23; *see also State v. Franco*, 153 Ariz. 424, 425-26 (1987) (finding the petitioner who presented no evidence at the hearing failed to demonstrate a legally sufficient ground for relief under A.R.S. § 13-4051).

**¶13** Second, Benderra did not present any evidence suggesting his arrest was wrongful, choosing to rely instead on the State's failure to pursue formal charges. But the prosecutor has broad discretion in deciding whether to charge a defendant, *State v. Peltz*, 242 Ariz. 23, 27, ¶ 8 (App. 2017) (citing *State v. Hankins*, 141 Ariz. 217, 221 (1984)), and "[t]he mere fact that charges were dismissed, of course, does not itself prove the alleged crimes did not occur, just as an acquittal does not establish a defendant's innocence," *Mohajerin*, 226 Ariz. at 110 n.6, ¶ 23 (citing *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 361 (1984), and *Pfeil v. Smith*, 183 Ariz. 63, 65 (App. 1995)). Thus, the State's decision to not indict Benderra cannot, by itself, prove the arrest was wrongful or unjust.

**¶14** Benderra did not submit any evidence upon which the superior court could conclude that justice would be served by a clearance

notation. *See State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011) (noting that sufficiency of the evidence presents a question of law reviewed *de novo*) (citing *State v. Bible*, 175 Ariz. 549, 595 (1993)). Accordingly, the court did not err when it denied Benderra's petition.

## CONCLUSION

¶15        The superior court's order is affirmed.